ROBERT E. NICHOLS (SBN 100028)
RICHARD W. COVERT (SBN 34582)
713 Key Route Blvd.
Albany, California 94706
Telephone: (510) 710-7033
renichols01@comcast.net

*Attorneys for Plaintiff,*
*The Lions Club of Albany, California*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE LIONS CLUB OF ALBANY, CALIFORNIA, A** Nonprofit Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>**THE CITY OF ALBANY**, a Charter City; and **DOES** 1 through 25;<br><br>**Defendants.** | Case No.<br><br>**COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**1. Violation First Amendment**<br>(Immediate Deprivation of Free Exercise of Religion)<br>(42 USC § 1983,1988);<br>**2. Violation First Amendment**<br>(Deprivation of Free Exercise of Religion)<br>(42 USC § 1983,1988)<br>**3. Violation of First Amendment**<br>(Deprivation of Exercise of Free Speech)<br>(42USC § 1983,1988)<br>**4. Violation of Fourteenth Amendment**<br>(Deprivation of Due Process)<br>(42 USC § 1983,1988) |

Plaintiff, The Lions Club of Albany, California, alleges as follows:

## PARTIES

1. The Lions Club of Albany, California, is a nonprofit corporation with its agent for service of process located in Kensington, California. The Lions Club of Albany, California, (Hereafter Lions Cub) is a public service organization chartered by Lions Clubs International.

2. Plaintiff is informed and believes that Defendant, City of Albany, is a municipal

1
**COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF**

entity with the capacity to sue and be sued. The City of Albany is a charter city organized pursuant to the Constitution and laws of the State of California, and located in Alameda County, California.

3.     The identities and capacities of Defendants Does 1 through 25 are presently unknown to Plaintiff, and on this basis, Plaintiff sues these Defendants by fictitious names. Plaintiff will amend the Complaint to substitute the true names and capacities of the DOE Defendants when ascertained.  Plaintiff is informed, believes, and thereon alleges that DOES 1 through 25 are, and were at all times relevant herein, employees and or agents of Defendant City of Albany and are responsible for the acts and omissions complained of herein.  Defendants DOES 1 through 25 are sued in both their official and individual capacities.

## JURISDICTION

4.     This is a civil action seeking damages and injunctive relief for acts committed by Defendant under color of state law for deprivation of and interference with the right of free speech, interference with the free exercise of religion, and violation of the Establishment Clause pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction over these claims is vested in this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

5.     Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §1391 because all or substantial part of the events giving rise to this action occurred in Alameda County, California and because Defendant is located in Alameda County, in the state of California.

## STATEMENT OF FACTS

6.     In 1971, Plaintiff constructed an electrically illuminated steel and Plexiglass Cross on the east side of Albany Hill in the City of Albany on real property owned by Albany Lions Club member Hubert F. Call and his wife Ruth Call. The Cross stands approximately 28 feet high, 8 feet wide and is firmly anchored in a 6 foot by four-foot permanent concrete base.

7.     The Call property consisted of 1.1 acres subdivided into 18 lots.

8.     The Cross can be seen from many areas in the Albany and Berkeley communities on most days. Many members of the community view the Cross daily and in so doing receive comfort, hope and inspiration.

9. The cross is illuminated at night during Christmas season and at Easter. When illuminated the Cross is visible to thousands of residents of Albany and Berkeley.

10. Almost every day the Cross is visited by members of the community who receive its message and engage in prayer, religious thought and reflection.

11. The Albany Hill Cross stands in a unique location, high on a hill in a location of natural beauty, calm, and quiet.

12. People in the community gather at the Cross to rejoice, seek solace, mourn, and grieve

13. The Cross has stood for 50 years providing the community continuity of Christian worship and faith.

14. Since its construction Plaintiff has continued the community tradition of annually holding Easter Morning religious services at the Cross on Albany hill.

15. In 1972 a developer, Interstate General Corporation, sought to develop high-rise condominiums on the western slope of Albany Hill. The City wanting a park on Albany Hill and required the developer to purchase private property, including the Call property, and convey it to the City.

16. On August 17, 1973, Hubert and Ruth Call granted to the Lions Club an easement for ingress, egress and to maintain the Lions' Cross standing on the Call property on Albany Hill.

17. Plaintiff is informed and believes and based upon such information and belief alleges that on August 17, 1973, Hubert and Ruth Call sold to Cebert Properties, Inc., an agent of Interstate General Corporation, the Albany Hill property including the property upon which the Cross was located and more particularly described as Lots 1 through 18, in Block 8, as shown on a plat of Cerrito Hill, Alameda County, California, filed in the office of the Recorder of said county on May 13, 1909, in Map Book 24, Page 70; excepting there from that portion thereof conveyed to the City of Albany, A Municipal Corporation, by Deed dated August 29, 1960, Recorded January 4, 1961, under Recorder's Series No. AS/637, Alameda County Records.

18. Plaintiff is informed and believes and based upon such information and belief alleges that Cebert Properties, Inc., and its principal, Interstate General Corporation knew the Call property

3

**COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF**

was or would be burdened by the easement for the Lions' Club Cross at the time of its purchase.

19.	Plaintiff is informed and believes and based upon such information and belief alleges that on or about August 21, 1973, the Albany City Council adopted a resolution accepting the donation of the former Call property from Cebert Properties, Inc. subject to the Lions Club's easement.

20.	Plaintiff is informed and believes and based upon such information and belief alleges that the City of Albany accepted, acknowledged, acquiesced and permitted the Albany Lions Club to exercise its easement for the Cross after the property was acquired by the City in 1973.

21.	Plaintiff is in formed and believes and upon such information and belief alleges that in November 2015, a group calling themselves the "East Bay Atheists" contacted the City of Albany objecting to the Cross resting on City property; and claimed the Cross was structurally unsound and that the utility line connected to the Cross was dangerous.

22.	Plaintiff is informed and believes and based upon such information and belief alleges that the City investigated the East Bay Atheist claims and found the Cross to be structurally sound, but the City expressed concerns regarding the safety of the electrical service line between the pole and the top of the cross because it ran through the branches of a tree.

23.	On February 1, 2016, the Albany City Council conducted a public hearing concerning the Cross. The members of the City Council unanimous expressed their desire that the Cross be removed from Albany Hill.

24.	At the public hearing Council Member Ana Rochelle Nason admitted the Lions' Cross conveys "a message, a religious message." but nonetheless concurred with the Council that the Cross should be removed from the property.

25.	On or about February 4, 2016, Councilmembers Maass and Nason attended a regular meeting of the Albany Lions Club and expressed the City's dissatisfaction with the Cross because it is a religious symbol. The councilmembers stated that the City wished the Cross removed from Albany Hill and the Lions Club's easement relinquished to the City.

26.	Plaintiff is informed and believes and upon such information and belief alleges that on September 1, 2016, having failed to obtain the Lions Club's agreement and acquiescence to the

1  removal of the Cross and relinquishment of the easement, Defendant caused the electrical utility
2  service to the Lions Club's Cross to be disconnected.

3      27.     Plaintiff is informed and believes and upon such information and belief alleges that
4  Defendant caused the disconnection of the electrical utility service to the Cross preventing the
5  Lions Club from illuminating the Cross and believing that the electrical disconnection
6  would ultimately force the Lions Club to relinquish the Cross and easement to the City.

7      28.     The Lions Club informed the City that pursuant to the California Public Utility
8  Commission, the utility, PG&E, owned the powerline and that the utility was responsible for
9  maintenance of the powerline.

10     29.     The City acting in excess of its authority demanded the Lions Club install an
11 intermediate power pole to support the electrical line between the street pole and the Cross but
12 refused the Lions permission to install such a pole or to otherwise restore electrical power to the
13 Cross.

14     30.     On or about November 18, 2016, Councilmember Nason issued a public statement
15 expressing the City's plan for removal of the cross stating, "[T]he Albany City Council (including
16 me) would like to replace it [the cross] with something nonsectarian. We envision a site that could
17 still be used for Easter services and other Christian and non-religious purposes."

18     31.     On November 19, 2016, Councilmember Nason stated, "I am about to be sued by
19 the Albany Lions Club for advocating that the cross on Albany Hill be replaced by a nonsectarian
20 substitute site that would be appropriate for use by non-Christians and non-religious people as well
21 as Christians."

22     32.     On December 14, 2016, the City published a public statement saying, "The presence
23 of the cross in the public park is at odds with the inclusive values the City encourages, and the City
24 will continue to explore all options for its removal."

25     33.     On or about December 14, 2016, Defendant admitted that PG&E was responsible
26 for addressing issues related to the utility service line providing electrical power to the Lions' Cross.

27     34.     On December 16, 2016, after the electrical utilities had been restored to the Cross,
28 the Albany City Council issued a public statement saying, in part, "[T]he City Council feels the

presence of the cross in the public park is inappropriate. . . The presence of the cross in the public park is at odds with the inclusive values the City encourages and the City will continue to explore all options for its removal."

35. On September 11, 2017, the Lions Club filed an action in the United States District Court for the Northern District of California, Case Number 3:17- cv-05236-WHA, alleging Constitutional violations of the First and Fourteenth Amendments under 42 USC § 1983, 1988 and 2000cc.

36. On November 11, 2017, Councilmember Peggy McQuaid issued a statement saying in part, "I want to reiterate that the neither City Council nor the City of Albany endorses in any way the lighting of the cross for any occasion, religious or nationalistic, or supports its continued presence on public property."

37. On December 8, 2017, the City of Albany filed a counterclaim for Quiet Title, Trespassing, Nuisance, and Declaratory relief. These counterclaims sought to terminate the Lions Clubs property rights in its easement and Cross.

38. On June 15, 2018, the District Court granted summary judgment against the City as to the Quiet Title, Trespassing and Nuisance causes of action. The Court found the Lion's easement valid and declared in *dicta* that the City must remedy its First Amendment Violation but the Court could not compel the City to do so because no plaintiff with standing had intervened in the case.

39. The City appealed the District Court's decision and the 9th Circuit Court of sustained the lower Court's ruling.

40. The Lions Club settled its action against the city for $125,000.

41. On April 12, 2018, Councilmember Nason wrote a Declaration in the *Lions Club v. City of Albany* action stating in part, "When, as a member of the City Council in 2014, I learned that atheist groups were asking that the cross be removed, I was supportive of their efforts and assumed that this would be an uncomplicated matter."

42. On April 6, 2000, the City Council again discussed the Albany Hill Cross. Two City Councilmembers discussed the possibility of planting fast growing trees or erecting a large sign to disrupt the view so that the Cross could not be seen from most of the community.

43. On March 3, 2021, the City of Albany provided an appraisal and offered to purchase the Lions easement for $30,000. The Lions Club rejected the offer.

44. On November 12, 2021, the City of Albany provided the Lions with a new and different appraisal and offered to purchase the Lions easement for $500,000.00

45. On March 11, 2022, the City of Albany notified the Lions that the City intended to adopt a "Resolution of Necessity," A valid Resolution of Necessity is required prior to filing an eminent domain action.

46. In a letter of March 23, 2022, addressed to the City Council, the Lions Club offered to purchase a lot or lots on which the Cross stands and thereby eliminating any potential Establishment Clause problem.

47. On April 4, 2022 Albany City Council met to consider a "Resolution of Necessity" and the Lions again verbally articulated the offer to purchase the lot or lots upon which the Cross stands.

48. At the hearing the City's attorney informed the City Council it could accept the Lions Clubs offer.

49. In the letter and at the hearing the Lions Club advised the City that in light of the Lions' a neutral alternative to eminent domain the City was showing a preference in favor of atheists and non-Christian religions against Christians and that such preference was forbidden by the Establishment Clause.

50. In the letter and at the hearing the Lions Club explained to the City that it would suffer great injury if the Cross was taken down.

51. At the hearing, after receiving comments from representatives of the Lions and members of the public the City Council enacted the Resolution of Necessity unanimously without any questions, discussion, or debate.

52. Plaintiff is informed and believes and upon such information and belief alleges the hearing on the Resolution of Necessity was a sham and that the City completely disregarded the Lions Club's rights to free exercise of religion and free speech.

53. California law provides that the power of eminent domain may be exercised to

acquire property for a proposed project **only if** all of the following are established: (a) The public interest and necessity require the project; (b) The project is planned or located in the manner that will be most compatible with the greatest public good and the least private injury; and (c) The property sought to be acquired is necessary for the project.

54. The Lions Club's offer to purchase the property upon which the Cross rests eliminated any public necessity to condemn the Lions easement as the cross would then be on private property.

55. When a neutral alternative exists and the "project" property is no longer necessary, and eminent domain is not appropriately exercised.

56. When a neutral alternative exists, the property sought to be acquired is not necessary for the project and eminent domain is not appropriately exercised.

57. California law also provides that eminent domain is not authorized when "the stated purpose is not a public use. The City's stated purpose was "the elimination of a potential establishment clause violation and to provide an unencumbered public park in the city of Albany..." This proposed use does not state a public purpose.

58. On May 4, 2022, the City of Albany filed a complaint in eminent domain.

59. On May 6, 2022, the City of Albany filed a motion for prejudgment possession of the easement seeking to allow the City to remove the Cross prior to any trial on the City's right to take and proper compensation under eminent domain.

60. The Lions Club filed an Answer contesting the City's right to take the Lions easement and remove the Cross and asserted Ten Affirmative Defenses.

61. On August 30, 2022, over the Lions Club's objections, the Superior Court of California for the County of Alameda granted the City's Motion for pretrial possession of the Lions' easement but stayed the effective date for removal of the Cross until after October 4, 2022.

### FIRST CAUSE OF ACTION

**Violation of the First Amendment to the United States Constitution**
**(Immediate Deprivation of Lions Right to Religious Expression 42 U.S.C. 1983, 1988)**

62. Plaintiff incorporates and realleges each and every allegation contained in the

1 preceding paragraphs of this complaint.

2     63.     The City of Albany, acting under color of law, adopted a Resolution of Necessity seeking to take the Lions Club's easement and remove the Cross on Albany Hill without regard to the burden the City's action placed upon the Lions exercise of religious expression and free speech.

    64.     The City of Albany, acting under color of law filed an eminent domain action seeking to take the Lions Club's easement and remove the Cross on Albany Hill without regard to the burden the City's action placed upon the Lions exercise of religious expression and free speech.

    65.     Defendant, the City of Albany has obtained an order from the Superior Court of California in and for the County of Alameda granting the City **Possession of the Property Prior to Judgment** allowing the City to remove the Cross from Albany Hill after October 4, 2022.

    66.     The Superior Court Order provides for "preservation of the cross in a safe location pending trial and final judgment" but does not consider the damages and irreparable injuries the Lions Club will suffer if the Cross on Albany Hill is removed either temporarily or permanently.

    67.     The Albany Lions Club is a small non-profit public service organization which lacks the funding to identify, locate, rent, purchase, construct and obtain governmental approvals to create an alternate site for display of a Christian Cross immediately and for the years following the removal of the Cross.

    68.     Plaintiff is informed and believes and upon such information and belief alleges that no alternate location exists whereby the Lions could quickly construct and display a cross for this coming Christmas, Easter Morning services and allow sufficient opportunity for community members to attend religious devotions at the site.

    69.     Plaintiff is informed and believes and upon such information and belief alleges that any alternate site or location which would allow a Cross to be seen by the community will be extremely costly and require significant site modification and structural engineering which the Lions Club cannot afford.

    70.     Plaintiff is informed and believes and upon such information and belief alleges that the neither the City of Albany nor the surrounding community are likely to issue a building permit to construct and maintain a lighted cross.

71. Plaintiff is informed and believes and upon such information and belief alleges that public habits and traditions are easily changed such that once traditions and events are terminated and locations are moved, members of the public forget, disregard, abandon and fail to return to such traditions and events if and when they can be reinstated.

72. Plaintiff is informed and believes and upon such information and belief alleges that a trial on Defendant City of Albany's right to take by eminent domain and, if necessary, a determination of the value of the easement interest might not occur for up to five years.

73. Plaintiff is informed and believes and upon such information and belief alleges that the subsequent reconstruction of the Cross or the construction of the Cross at a new location, if reconstruction or movement is possible, will only exacerbate the damage and injury to the Lions during the pendency of the eminent domain action.

74. Unless enjoined by this Court the Lions will be deprived of their rights to freely exercise the Christian religion by displaying the Cross in the Albany community, lighting and displaying the Cross at Christmas, Easter and on other special occasions resulting in irreparable injury to the Lions Club.

75. Unless enjoined by this Court the Lions annual tradition of Easter Morning services at the Cross will be ended and future Easter observations will be hindered or abandoned resulting in irreparable to the Lions Club.

76. Unless enjoined by this Court the Lions will be deprived of their rights to symbolically communicate the religious solace, comfort and well-being which the display of the Christian Cross conveys to residents of the community, resulting in irreparable injury to the Lions Club.

77. Unless enjoined by this Court the Lions will suffer significant and substantial injury from the deprivation of their First Amendment rights.

**SECOND CAUSE OF ACTION**

**Violation of the First Amendment to the United States Constitution**
**(Deprivation of Free Exercise of Religious 42 U.S.C. 1983, 1988)**

78. Plaintiff incorporates and realleges each and every allegation contained in the

preceding paragraphs of this complaint.

79. The City's exercise of eminent domain against the Lions Club's easement and permanent removal of the Cross will permanently deprive the Lions of their ability to freely exercise their religion by displaying the Cross in the Albany community, lighting and displaying the Cross at Christmas, Easter and on other special occasions.

80. Unless enjoined by this Court the Lions will be deprived of their rights to freely exercise the Christian religion by displaying the Cross daily resulting in irreparable injury to the Lions.

81. Unless enjoined by this Court the Lions Club will be deprived of their right to provide a location and share a Christian Cross where people in the community may gather, rejoice, engage in religious fellowship, seek solace, mourn and grieve, resulting in irreparable injury to the Lions Club.

82. Unless enjoined by this Court the Lions will be deprived of their rights to symbolically communicate the religious solace, comfort and well-being which the display of the Christian Cross conveys to residents of the community resulting in injury irreparable to the Lions Club.

83. Unless enjoined by this Court the Lions will be deprived of their First Amendment Right of Free exercise of religious expression by the Defendant's removal of the Cross from Albany Hill and termination of Easter Morning Services at the Cross on Albany Hill, a religious tradition dating back over 80 years resulting in irreparable injury to the Lions Club.

### THIRD CAUSE OF ACTION

**Violation of the First Amendment to the United States Constitution**
**(Freedom of Speech - 42 USC §1983, 1988 \)**

84. Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

85. The display of symbols such as a Christian Cross is a form of nonverbal communication intended to communicate Christian ideas, concepts, hope and comfort.

86. The display of the Christian Cross also communicates a location where individuals

11

**COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF**

may communicate with their God as well as exchange thoughts and ideas of a religious nature.

87. The Defendant is seeking to take down and remove the Cross on Albany Hill thereby preventing the Lions Club from engaging in free speech sharing Christian thoughts, ideas and communications with the public through the symbol of the Cross.

88. Unless enjoined by this Court the Lions will be deprived of their rights to freely exercise the Christian religion by displaying the Cross in the Albany community, lighting and displaying the Cross at Christmas, Easter and on other special occasions resulting in irreparable injury to the Lions Club.

89. Unless enjoined by this Court the Lions will be deprived of their rights to symbolically communicate the religious solace, comfort and well-being which the display of the Christian Cross conveys to residents of the community resulting in irreparable injury to the Lions Club.

90. Unless enjoined by this Court the Lions will be deprived of their First Amendment Right of Free exercise of religious expression by the Defendant's removal of the Cross from Albany Hill and termination of Easter Morning Services at the Cross on Albany Hill, a religious tradition dating back over 80 years resulting in irreparable injury to the Lions Club.

## FORTH CAUSE OF ACTION

**Violation of the Fourteenth Amendment to the United States Constitution**
**(Violation of Equal Protection– Preference for Atheist and Non-Christian Religions**
**42 U.S.C. 1983, 1988)**

91. Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

92. Since 2015, Defendant, the City of Albany, has made statements and taken actions that prefer atheism and non-Christian religions to the detriment of the Albany Hill Cross, a Christian religious symbol, thereby violating the Establishment and the Free Exercise or Religion Clauses of the First Amendment.

93. Plaintiff is informed and believes and based upon such information and belief alleges that the Defendant now seeks to permanently remove the Cross on Albany Hill simply because it is a Christian Cross and the City does not like or approve of the prominent public display of Christian

symbols such as the Cross.

94. The City Council has repeatedly expressed bias and opposition to the Cross on Albany Hill merely because it is a Christian Cross.

95. The City has failed and refused to consider a neutral, non-religion based alternative to eminent domain, which resolves any claimed Establishment Clause problem and obviates any perceived "necessity" for removal of the Cross.

96. Defendant has summarily rejected without comment or discussion the alternatives option of allowing the small parcel of land upon which the Cross rests to be sold to private, nongovernmental, persons thereby eliminating any perceived Establishment Clause problem.

97. In rejecting the neutral alternative of selling the property, the Defendant has relied upon unsubstantiated conclusionary statements that merely repeat statutory language and fail to state any material facts supporting the need to exercise eminent domain and remove the Cross.

98. In rejecting the neutral alternative, the City has failed to establish its right to exercise eminent domain under California Code of Civil Procedure §1240.030 because removal of the Cross is not necessary to resolve any perceived City violation of the Establishment Clause.

99. The City has failed to establish its right to exercise eminent domain under California Code of Civil Procedure § 1240.030 because the Resolution of Necessity as well as the hearing on the resolution of necessity are devoid of any factual discussion or consideration establishing that acquisition of the Lions Club's easement and removal of the Cross will be compatible with the greatest public good and the least private injury particularly when a neutral alternative exists.

100. Plaintiff is informed and believes and upon such information and belief alleges that the City has improperly and unlawfully acted to remove the Cross on Albany Hill because of its expressed dislike and disapproval of the Cross as a Christian religious symbol and is clearly expressing a religious preference in favor of atheists and non-Christians.

101. Unless enjoined by this Court Defendant, the City of Albany will take possession of the Lions' easement and remove the Cross from Albany Hill shortly after October 4, 2022, prior to any trial or adjudication of the City's right to take.

102. Unless enjoined by this Court the Lions Club will be deprived of their rights to freely

exercise the Christian religion by displaying the Cross in the Albany community by lighting and displaying the Cross at Christmas, Easter and on other special occasions resulting in injury and damages to the Lions Club.

103. Unless enjoined by this Court the Lions Club will be deprived of their right to continue a religious tradition of over 80 years of holding Easter Morning services at a cross on Albany Hill (A tradition dating back to a time prior to the construction of the current Cross) resulting in irreparable injury to the Lions Club.

104. Unless enjoined by this Court the Lions Club will be deprived of their right to provide and share a Christian Cross where members of the community can join with the Lions in receiving the message of the Cross and engage in prayer, religious thought, and reflection, resulting in irreparable injury to the Lions Club.

105. The City's express dislike of the Cross and desire to have the Cross removed constitute a preference for atheism and non-Christian religions in violation of the Establishment Clause of the First Amendment and such preference is a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

106. Unless enjoined by this Court the Lions Club will be deprived of their right to provide a location and share a Christian Cross where people in the community may gather, rejoice, engage in religious fellowship, seek solace, mourn and grieve resulting in irreparable injury to the Lions Club.

107. Unless enjoined by this Court the Lions will be deprived of their rights to symbolically communicate the religious solace, comfort and well-being which the display of the Christian Cross conveys to residents of the community resulting in irreparable injury to the Lions Club.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

1. For an injunction, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons in concert or participation with them from taking, limiting, restricting, disrupting, hampering, interfering with or depriving the Albany Lions Club of the use

and enjoyment of the Lions Club easement for the Cross on Albany Hill;

2. For an injunction, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons acting in concert or participation with them from taking, removing, deconstructing or otherwise injuring with the Cross on Albany Hill;

3. For an injunction, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons in concert or participation with them from limiting, restricting, disrupting, hampering or interfering Plaintiff's free exercise of religion;

4. For preliminary and permanent injunctions, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons in concert or participation with them from limiting, restricting, disrupting, hampering or interfering Plaintiff's exercise of free speech;

5. For damages for in an amount to be determined according to proof;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988(b);

7. For costs of suit; and,

8. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on any issue triable of right by a jury on any and all of Plaintiff's claims.

Dated: September 21, 2022

                                             Respectfully submitted,

                                             /S/  Robert E. Nichols

                                             ROBERT E. NICHOLS
                                             Attorney for Plaintiff
                                             Lions Club of Albany, California

**COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF**