1   SCOTT W. DITFURTH, Bar No. 238127
    scott.ditfurth@bbklaw.com
2   ANDREW G. SAGHIAN, Bar No. 316680
    andrew.saghian@bbklaw.com
3   BEST BEST & KRIEGER LLP
    3390 University Avenue, 5th Floor
4   P.O. Box 1028
    Riverside, California  92502
5   Telephone:    (951) 686-1450
    Facsimile:    (951) 686-3083
6
7   Attorneys for Defendant
    CITY OF ALBANY, a Charter City

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  THE LIONS CLUB OF ALBANY,                Case No. 3:22-cv-05377-WHO
    CALIFORNIA, A Nonprofit Corporation,
12                                           **DEFENDANT CITY OF ALBANY'S**
                    Plaintiff,               **OPPOSITION TO PLAINTIFF'S**
13                                           **MOTION FOR PRELIMINARY**
            v.                               **INJUNCTION**
14
    THE CITY OF ALBANY, a Charter City; and  *[Filed concurrently with*
15  DOES 1 through 25,                       *   1.  Request for Judicial Notice; and*
                                             *   2.  Declaration of Scott W. Ditfurth]*
16                  Defendants.
                                             Date:         November 2, 2022
17                                           Time:         2:00 p.m.
                                             Courtroom:    2 , 17th Floor
18                                           Judge:        Hon. William H. Orrick
                                             Trial Date:   None Set
19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

    A.  The City Owns And Operates Albany Hill Park, Which Plaintiff's Easement Currently Encumbers .................................................................. 2

    B.  The Court In Plaintiff's First Federal Lawsuit, *Lions Club I*, Finds That The City Must Remedy Its Establishment Clause Violation For Having A Religious Symbol Prominently Displayed Upon A Public Park........................... 4

    C.  Following The Court's Ruling In *Lions Club I*, The City Initiated Eminent Domain Proceedings Against Plaintiff ........................................................... 5

        1.  The Disputed Easement's Appraisal And The Pre-Condemnation Negotiations That Followed ............................................................ 6

        2.  After Conducting A Hearing In Which It Considered Public Comment, The City Unanimously Adopts The Resolution Of Necessity ...................................................................................... 6

        3.  The Court Grants The City's Motion For An Order For Prejudgment Possession And It Considers All The Same Arguments, Positions, And Claims Being Asserted In This Federal Lawsuit ........................................................................................ 7

III.  LEGAL ARGUMENT ........................................................................................ 10

    A.  Legal Standard For A Motion For Preliminary Injunction .................................. 10

    B.  Plaintiff Is Unlikely to Succeed On The Merits ................................................. 11

        1.  Dismissal And/Or Abstention Is Warranted Under The Circumstances .............................................................................. 11

            a.  The Court Should Abstain In Accordance With The *Pullman* Doctrine .................................................... 11

            b.  Alternatively, The *Colorado River* Factors Weigh In Favor Of Abstention .................................................. 15

               (1)  "*which court first assumed jurisdiction over any property at stake*" ............................................ 15

               (2)  "*inconvenience of the federal forum*" ............................. 15

               (3)  "*the desire to avoid piecemeal litigation*".......................... 15

               (4)  "*the order in which the forums obtained jurisdiction*" ...................................................... 16

               (5)  "*whether federal law or state law provides the rule of decision on the merits*" ................................... 16

               (6)  "*whether the state court proceedings can adequately protect the rights of the federal litigants*" ..................... 16

               (7)  "*the desire to avoid forum shopping*" ............................. 16

               (8)  "*whether the state court proceedings will resolve all issues before the federal court*"........................................ 17

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

**TABLE OF CONTENTS**
(continued)

Page

      2.    The City Has A Legitimate Reason To Condemn The Subject Property, And Is Neither Temporarily Nor Permanently Depriving Plaintiff's First Amendment Right To Exercise Religion Freely ............ 17

      3.    The City Is Not Depriving Plaintiff's Constitutional Rights ................... 18

  C.    Plaintiff Has Not And Cannot Demonstrate Irreparable Harm ........................... 18

  D.    It Is Unclear Whether Plaintiff Has Standing To Assert Its Claims ................... 19

IV.    CONCLUSION .......................................................................................................... 22

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
CITY OF ALBANY'S OPPOSITION TO
MTN FOR PRELIMINARY INJUNCTION

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Association for Accessible Medicines v. Bonta*
562 F. Supp. 3d 973 (E.D. Cal. 2021) ........................................................................ 20

*Attwood v. Mendocino Coast Dist. Hosp.*
886 F.2d 241 (9th Cir. 1989) ...................................................................................... 17

*Baca v. Moreno Valley Unified Sch. Dist.*
936 F.Supp. 719 (C.D. Cal. 1996) .............................................................................. 10

*Beaty v. Brewer*
649 F.3d 1071 (9th Cir. 2011) .................................................................................... 10

*Bellotti v. Baird*
428 U.S. 132 (1976) .................................................................................................... 11

*C-Y Development Co. v. City of Redlands*
703 F.2d 375 (9th Cir. 1983) ................................................................................ 12, 13

*Cedar Shake and Shingle Bureau v. City of Los Angeles*
997 F.2d 620 (9th Cir. 1993) ...................................................................................... 12

*City of Los Angeles v. Lyons*
461 U.S. 95 (1983) ...................................................................................................... 10

*Colorado River Water Conservation Dist. v. United States*
424 U.S. 800 (1976) ............................................................................................ *passim*

*Columbia Basin Apartment Ass'n v. City of Pasco*
268 F.3d 791 (9th Cir. 2001) ................................................................... 11, 12, 13, 14

*Fireman's Fund Ins. Co. v. City of Lodi*
302 F.3d 928 (9th Cir. 2002) ...................................................................................... 11

*Herb Reed Enters., LLC v. Fla. Entertainment Management*
736 F.3d 1239 (9th Cir. 2013) .................................................................................... 18

*Hunt v. Washington State Apple Advertising Commission*
432 U.S. 333 (1977) .................................................................................................... 20

*In Defense of Animals v. U.S. Dept. of Interior*
737 F.Supp.2d 1125 (E.D. Cal. 2010) ........................................................................ 10

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
CITY OF ALBANY'S OPPOSITION TO
MTN FOR PRELIMINARY INJUNCTION

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Kim v. City of Belmont*
2018 WL 500269 (N.D. Cal. 2018) ........................................................................ 10

*Lewis v. Casey*
518 U.S. 343 (1996) ............................................................................................... 10

*Lions Club of Albany, California v. City of Albany*
323 F.Supp.3d 1104 (N.D. Cal. 2018) .......................................................... *passim*

*Lions Club of Albany, California v. City of Albany*
788 F. App'x 428 (9th Cir. 2019) .............................................................................. 5

*Marvin M. Brandt Revocable Tr. v. U.S.*
572 U.S. 93 (2014) ........................................................................................... 19, 20

*Mazurek v. Armstrong*
520 U.S. 968 (1997) ............................................................................................... 10

*Montanore Minerals Corp. v. Bakie*
867 F.3d 1160 (9th Cir. 2017) ..................................................................... 15, 16, 17

*Pearl Invest. Co. v. City & County of San Francisco*
774 F.2d 1460 (9th Cir. 1985) ............................................................................... 14

*R.R. Street & Co. v. Transport Ins. Co.*
656 F.3d 966 (9th Cir. 2011) ................................................................................. 16

*Railroad Commission of Texas v. Pullman Co.*
312 U.S. 496 (1941) .......................................................................................... *passim*

*Rancho Palos Verdes Corp. v. City of Laguna Beach*
547 F.2d 1092 (9th Cir. 1976) ............................................................................... 13

*Richardson v. Koshiba*
693 F.2d 911 (9th Cir. 1982) ................................................................................. 13

*San Remo Hotel v. City & County of San Francisco*
145 F.3d 1095 (9th Cir. 1998) ......................................................................... 11, 12

*Sederquist v. City of Tiburon*
590 F.2d 278 (9th Cir. 1978) ................................................................................. 13

*Sierra Club v. U.S. Department of Energy*
825 F. Supp. 2d 142 (D.D.C. 2011) ...................................................................... 18

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Sinclair Oil Corp. v. County of Santa Barbara*
   96 F.3d 401 (9th Cir. 1996)...................................................................................... 14

*Spokeo, Inc. v. Robins*
   578 U.S. 330 (2016) ............................................................................................... 20

*U.S. v. Morros*
   268 F.3d 695 (9th Cir. 2001)................................................................................... 11

*Vasquez v. Los Angeles County*
   487 F.3d 1246 (9th Cir. 2007)................................................................................. 18

*VH Property Corp. v. City of Rancho Palos Verdes*
   622 F.Supp.2d 958 (C.D. Cal. 2009) ..................................................................... 14

*Winter v. Nat. Res. Def. Council, Inc.*
   555 U.S. 7 (2008) ................................................................................................... 10

**State Cases**

*Dutcher v. Sanders*
   20 Cal.App.549 (1912)............................................................................................ 20

*Israni v. Superior Court*
   88 Cal.App.4th 621 (2001)............................................................................... 17, 19

*Mt. San Jacinto Community College District v. Superior Court*
   40 Cal. 4th 648 (2007) ............................................................................................. 7

*People ex rel. Dep't Pub. Works v. Superior Court*
   68 Cal.2d 206 (1968) .............................................................................................. 17

*York v. City of Los Angeles*
   33 Cal.App.5th 1178 (2019).................................................................................... 16

**State Statutes**

Cal. Civ. Proc. Code § 1240.030................................................................................ 9

Cal. Civ. Proc. Code § 1240.680(a)(1) ................................................................... 18

Cal. Civ. Proc. Code § 1245.230................................................................................ 6

Cal. Civ. Proc. Code § 1255.260................................................................................ 7

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1

**TABLE OF AUTHORITIES**
(continued)

2

3

**Page**

4

Cal. Civ. Proc. Code § 1255.410................................................................................................. 9

5

Cal. Civ. Proc. Code § 1255.410(d)(2) ...................................................................................... 9

6

Cal. Civ. Proc. Code § 1263.110 et seq. .................................................................................... 7

7

**Rules**

8

Fed. Rules Civ. Proc., Rule 7(b) ............................................................................................... 1

9

Fed. Rules Civ. Proc., Rule 12(b)(6)............................................................................... 1, 3, 20

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
CITY OF ALBANY'S OPPOSITION TO
MTN FOR PRELIMINARY INJUNCTION

1

I.      **INTRODUCTION**

2          The Lions Club of Albany, California ("Plaintiff") filed the instant lawsuit only after it

3     suffered a procedural setback in the underlying eminent domain action that the City of Albany (the

4     "City") filed.  Rather than pursuing the very claims being asserted here in the eminent domain

5     action through trial, Plaintiff is asking this Court to serve as a *de facto* court of appeal to review the

6     Alameda County Superior Court's order granting the City prejudgment possession of Plaintiff's

7     easement interest in Albany Hill Park, which the City owns and whereupon an electrically

8     illuminated cross stands.  The state court's order further permits the City to remove this cross and

9     to preserve it in a safe location pending trial and a final judgment in the lawsuit.  Dissatisfied with

10    the state court's ruling, Plaintiff is now seeking damages and injunctive relief in this lawsuit based

11    upon the same set of facts and circumstances, not to mention identical legal positions, in the City's

12    underlying eminent domain action.

13         To be clear, the state court has yet to definitively decide whether the Constitutional grounds

14    that Plaintiff is using to challenge the City's eminent domain lawsuit, which also form the basis for

15    this federal lawsuit, are valid, thereby defeating the City's right to condemn Plaintiff's easement

16    interest.  The state court merely granted the City *prejudgment* possession, finding that (1) the City

17    is entitled to acquire the property by eminent domain, (2) the City deposited $500,000 in the State

18    of California Condemnation Deposits Fund for withdrawal by Plaintiff as probable just

19    compensation for the easement, (3) the City has an overriding need to possess the easement before

20    final judgment is entered, and that it would suffer a substantial hardship otherwise, and (4) the

21    hardship that the City would suffer if possession is denied outweighs Plaintiff's hardship.

22         As explained in more detail below, Plaintiff cannot demonstrate the likelihood of success

23    on the merits in this action for two different reasons.  First, federal abstention is warranted under

24    either the *Pullman* or the *Colorado River* doctrines.[1]  It is appropriate for this Court to abstain from

25    exercising its jurisdiction over the claims raised in this lawsuit because: (1) pursuant to the *Pullman*

26

27    _____

      [1] The City intends, at a later time, to move the Court for an order staying this lawsuit pursuant to
      Federal Rules of Civil Procedure, Rule 7(b).  The City also intends to move the Court for an order
28    dismissing this lawsuit for failure to state a claim pursuant to Federal Rules of Civil Procedure,
      Rule 12(b)(6).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

doctrine, they may be mooted, or at least presented in a different posture, by a state court decision on sensitive issues of California law; and, alternatively, (2) pursuant to the *Colorado River* doctrine, there is a pending state court action arising out of the same controversy, and considerations of conservation of judicial resources and comprehensive disposition of litigation weigh in favor of abstention.  The timing of this action coupled with the similar claims, arguments, and positions that Plaintiff is asserting in the state court eminent domain lawsuit suggests not just forum shopping, but also attempting another bite at the proverbial apple.

Second, as the state court found, unencumbering a public park from Plaintiff's easement is a legitimate reason to exercise the power of eminent domain and, in doing so, the City is not depriving Plaintiff's right to exercise religion freely.

Additionally, Plaintiff cannot demonstrate that it would suffer irreparable harm, nor is it clear whether Plaintiff has standing to assert these claims against the City.  Accordingly, the City respectfully requests the Court to deny Plaintiff's Motion for Preliminary Injunction.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The City Owns And Operates Albany Hill Park, Which Plaintiff's Easement Currently Encumbers

Plaintiff is a public service organization that Lions Clubs International chartered. (Complaint, ¶ 2.)  Plaintiff is seeking damages and injunctive relief for the alleged acts the City committed under color of state law to deprive and interfere with its free speech and free exercise of religion rights and violation of the Establishment Clause.  (Complaint, ¶ 4.)  Plaintiff's claims are being asserted against the City pursuant to United States Code sections 1983 and 1988.  (*Id.*)

The relationship between Plaintiff, the City, and Albany Hill Park goes back decades, as do the many lawsuits involving them.  In 1971, Plaintiff constructed a steel and Plexiglas cross on the real property that one of Plaintiff's former members owned.  (Complaint, ¶ 6.)  This property eventually became known as Albany Hill Park, and the cross has been located there ever since. (Complaint, ¶ 6.)  The cross measures approximately 28 feet in height and 8 feet in width, and it sits atop a six-by-four-foot concrete base.  (Complaint, ¶ 6.)  The cross is illuminated during the Christmas and Easter holidays.  (Complaint, ¶ 9.)  Because of its size and location atop Albany Hill

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1    Park, many areas in the City and nearby Berkeley communities are able to view the cross on most

2    days.  (Complaint, ¶ 6.)

3        At 338 feet above sea level, Albany Hill is the City's most iconic natural feature and an

4    ecological icon for the community.  (Declaration of Scott W. Ditfurth ("Ditfurth Decl."), ¶ 2,

5    Exhibit A, Declaration of Jeff Bond ("Bond Decl."), ¶ 2.)[2]  Among other things, Albany Hill

6    appears on the City seal.  (*Id.*)  The City has acquired most of the ridgeline and upper slopes, and

7    it protects those areas as permanent open space.  (*Id.*)  In a recent survey of residents, Albany Hill

8    was the fourth most visited public open space out of 13 facilities.  (*Id.*)  Albany Hill Park is also

9    home to several plant communities.[3]  (*Id.*)  One of the City's stated objectives for Albany Hill Park

10   is to manage vegetation on the hill to reduce fire hazards, restore native habitat, and provide

11   appropriate levels of public access by maintaining and expanding the system of trails, including

12   connections between Creekside Park and the neighborhoods on Albany Hill's perimeter.  (*Id.*)

13       The City is now, and has been for some time, the fee owner of the real property (i.e., Albany

14   Hill Park) on which the cross is located, more particular described as Assessor Parcel Numbers

15   066-2754-14-05 and 066-2754-40-03 ("Subject Property").[4]  (Complaint, ¶ 19; Ditfurth Decl., ¶ 2,

16   Exhibit A, Bond Decl., ¶ 2.)  The City acquired the Subject Property on or about August 21, 1973,

17   after it accepted a land donation from the corporation that purchased the Subject Property from

18   Plaintiff's former member.  (*Id.*)  As part of the conveyance from Plaintiff's former member to the

19   corporation, and, eventually, from the corporation to the City, the seller excepted from the sale an

20

21   [2] With these opposition papers, the City is concurrently filing a request to judicially notice Exhibits
     A through G as referenced and attached to the Declaration of Scott Ditfurth.

22

23   [3] Coast live oak woodland occurs on the northern and eastern slopes of the Hill, and along the banks
     of the City's creeks.  (*Id.*)  Coast live oaks dominate the canopy in these areas, with other species

24   such as bigleaf maple, arroyo willow, California bay, California buckeye, and coast redwood
     present.  (*Id.*)  Eucalyptus groves dominate the ridgeline and western slopes.  (*Id.*)  Several

25   significant plants on the East Bay California Native Plant Society's watch list are found on Albany
     Hill, including red fescue, big squirrel tail grass, gumplant, golden aster, California Melic grass,

26   purple needlegrass, and marsh bristlegrass.  (*Id.*)  The eucalyptus groves on Albany Hill have
     sheltered roosting Monarch Butterflies.  (*Id.*)

27   [4] The legal definitions, legal descriptions, and depictions of the Subject Property are more fully set
     forth in the City's Complaint in Eminent Domain.  (Ditfurth Decl., ¶ 3, Exhibit B, Complaint in

28   Eminent Domain.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

easement, in Plaintiff's favor, for ingress/egress over the Subject Property to maintain the cross on Albany Hill Park.  (Complaint, ¶ 16.)  This complex transaction involving Plaintiff, its former member, the corporation, and the City, among others, resulted in a series of lawsuits concerning the Subject Property.  (Complaint, ¶ 19; Ditfurth Decl., ¶ 2, Exhibit C, *Lions Club of Albany, California v. City of Albany*, 323 F.Supp.3d 1104 (N.D. Cal. 2018) ("*Lions Club I*") (summarizing history of the litigation.)[5]

> **B.** **The Court In Plaintiff's First Federal Lawsuit, *Lions Club I*, Finds That The City Must Remedy Its Establishment Clause Violation For Having A Religious Symbol Prominently Displayed Upon A Public Park**

On September 11, 2017, Plaintiff filed an action in this court against the City for alleged violations of the First and Fourteenth Amendments.  (Complaint, ¶¶ 26-29, 35; Ditfurth Decl., ¶ 4, Exhibit C, *Lions Club I*, 6:14-22.)  In *Lions Club I*, Plaintiff alleged the City ordered the Pacific Gas and Electric Company to shut down power to the cross for 106 days.  (*Id.*)  Plaintiff alleged this decision was part of a continued campaign to harass Plaintiff even though the City had legitimate safety concerns in carrying out that decision, including the ongoing fire hazard to the public.  (*Id.*)  The City thereafter filed a Cross-Complaint against Plaintiff for Quiet Title, Trespassing, Nuisance, and Declaratory relief.  (Complaint, ¶ 37.)

The parties eventually filed dueling summary judgment motions, which the Honorable William Alsup, granted in part, and denied in part.  (Ditfurth Decl., ¶ 4, Exhibit C.)  In so doing, Judge Alsup stated, in no uncertain terms, that "The City Must Remedy Its First Amendment Violation."  (*Id.* at 15:18-16:7.)  Judge Alsup also held that **"the public park with the cross violates the Establishment Clause" and that the "land cannot continue as a public park with the cross on it."**  (*Id.* at 9:24-25, 14:20-22, emphasis added.)  Because of this key finding, Judge Alsup identified three possible choices for the City to overcome this critical issue.  First, the City could sell the portion of the Subject Property to a private owner where the easement and cross are located.[6]  (*Id.* at 15:19-20.)  Second, the City could condemn the easement through its eminent

---

[5] The instant lawsuit is sometimes herein referred to as *Lions Club III*.

[6] Plaintiff continues to stress that because of this available option, the City should not exercise its eminent domain power at all.  Plaintiff, however, has failed to cite any authority whatsoever that

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1  domain power. (*Id.* at 15:20-21.) Third, the City could adopt a zoning ordinance to ban all religious

2  symbols from its public spaces. (*Id.* at 15:21-22.) The Ninth Circuit affirmed Judge Alsup's order.

3  *See*, *Lions Club of Albany, California v. City of Albany*, 788 F. App'x 428 (9th Cir. 2019). After

4  careful consideration, the City decided to explore condemning Plaintiff's easement interest in the

5  Subject Property, just as Judge Alsup had suggested.

6  **C.      Following The Court's Ruling In *Lions Club I*, The City Initiated Eminent**

7  **Domain Proceedings Against Plaintiff**

8          By way of its Complaint in Eminent Domain, the City seeks to unencumber the Subject

9  Property from Plaintiff's easement. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 4.) The City's

10  proposed acquisition, including removal of the cross, is (1) for the public purposes and necessity

11  of enabling the public to more fully use and enjoy Albany Hill Park as an open space without the

12  encumbrance, and (2) to avoid any potential Establishment Clause issue arising from Plaintiff

13  maintaining the cross. (*Id.*; *Lions Club I*, 15:18-16:7 (finding that the City must address the cross

14  in Albany Hill Park due to the First Amendment).) Because of the very purpose for which the City

15  seeks to exercise its power of eminent domain, there is no other interest in land that the City could

16  use or acquire to remove the encumbrance on its fee interest and to avoid an Establishment Clause

17  issue arising from Plaintiff's religious display at Albany Hill Park. (Ditfurth Decl., ¶ 2, Exhibit A,

18  Bond Decl., ¶ 4.)

19          Generally, to exercise its eminent domain power, a public agency must formally appraise

20  the property or property interests that are sought to be acquired and make an offer to the property

21  owner for a value that is no less than the appraised amount. If the property owner rejects the public

22  agency's offer, or the parties are unable to negotiate a mutually acceptable purchase price, the

23  public agency must hold and duly notice a Resolution of Necessity hearing, at which point the

24  affected property owner has the right to be heard on the issues that the public agency's governing

25  board is considering, which are as follows: (1) the public interest and necessity require the proposed

26  project; (2) the proposed project is planned or located in the manner that will be most compatible

27

28  would otherwise compel the City to sell the property in dispute instead of condemning it. Indeed,
as the fee owner of the Subject Property, the City is free to utilize its property as it sees fit.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

with the greatest public good and the least private injury; (3) the property is necessary for the proposed project; and (4) the offer to purchase the property was made to the property owner for no less than the appraised amount. Cal. Civ. Proc. Code § 1245.230. Here, the City followed each of these steps as California's Eminent Domain Law requires.

## 1. The Disputed Easement's Appraisal And The Pre-Condemnation Negotiations That Followed

The City appraised the Plaintiff's easement for $500,000, as determined by its independent and licensed appraiser. (Complaint, ¶ 44.) The City provided a copy of this appraisal to Plaintiff in a letter dated November 12, 2021, in which the City offered to purchase Plaintiff's easement interest for $500,000. (Complaint, ¶ 44; Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 6, Exhibit A.) As of the time the City filed its Complaint in Eminent Domain, Plaintiff had not indicated whether it would accept the City's offer. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 6.)

## 2. After Conducting A Hearing In Which It Considered Public Comment, The City Unanimously Adopts The Resolution Of Necessity

The City duly noticed a public hearing for April 4, 2022, to consider whether a Resolution of Necessity should be adopted, and it subsequently conducted the hearing as scheduled on that date.[7] (Complaint, ¶¶ 45-51; Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶¶ 7-11, Exhibits B-C.) Plaintiff provided advance notice that it intended to appear at the hearing, and it voiced its objection to the proposed Resolution of Necessity. (*Id.*) At the hearing, the City Council heard from, among others, Plaintiff and its representatives as well as a number of individuals who disagreed with them. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 8.) Indeed, numerous members of the public voiced their distaste of Plaintiff maintaining a cross on the Subject Property and forcing the City to pay taxpayer money to have it removed. Ultimately, having considered all comments and information presented, the City Council unanimously adopted Resolution Number 2022-32, a Resolution of Necessity declaring the necessity of acquiring Plaintiff's easement across Albany Hill Park, and removing the cross itself, for the public purposes of unencumbering Albany Hill Park and the

---

[7] City Council meeting agendas (in HTML and PDF format) along with video recordings of meetings are also available online at: https://www.albanyca.org/our-city/kalb-community-media/city-council-video-and-agendas.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

potential Establishment Clause issue that this Court previously identified in *Lions Club I*.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 8, Exhibit B, Resolution No. 2022-32.)

### 3.  The Court Grants The City's Motion For An Order For Prejudgment Possession And It Considers All The Same Arguments, Positions, And Claims Being Asserted In This Federal Lawsuit

On May 4, 2022, the City filed its Complaint in Eminent Domain in the Alameda County Superior Court, styled as *City of Albany v. Albany Lions Club, Lions International, et al.*, and bearing case number 22CV010822 ("*Lions Club II*" or "State Court Action").  (Complaint, ¶ 58; Ditfurth Decl., ¶ 3, Exhibit B, Complaint in Eminent Domain.)  The City filed a Motion for Prejudgment Possession of Plaintiff's easement two days later, and it deposited $500,000 in the State of California Condemnation Deposits Fund for withdrawal by Plaintiff as probable just compensation for the easement.[8]  (Complaint, ¶ 59; Ditfurth Decl., ¶ 5, Exhibit D, Motion for Prejudgment Possession and Reply Brief; Ditfurth Decl., ¶ 6, Exhibit E, Notice of Deposit of Probable Just Compensation.)  Plaintiff opposed the Motion for Prejudgment Possession, raising similar, if not the identical, arguments, positions, and claims being asserted in this current federal lawsuit, i.e., *Lions Club III*.  (Complaint, ¶ 61; Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition to Motion for Prejudgment Possession.)  On August 30, 2022, the Court in *Lions Club II* granted the City's Motion for Prejudgment Possession, and in the event the City decided to remove the cross, it ordered the City to preserve the cross in a safe location pending trial and final judgment in the State Court Action.  (Ditfurth Decl., ¶ 8, Exhibit G, Prejudgment Possession Order.)  In doing so, the court in *Lions Club II* considered the issues below that Plaintiff raised, and is raising again here, namely:

---

[8] The immediate possession procedure is sometimes referred to as a "quick-take" eminent domain action.  *Mt. San Jacinto Community College District v. Superior Court*, 40 Cal. 4th 648, 653 (2007).  "Because compensation is immediately available to the property owner in a quick-take action, the date of valuation of the property is statutorily required to be no later than the date the condemner deposits 'probable compensation' for the owner."  *Id.*; Cal. Civ. Proc. Code § 1263.110 et seq.)  The deposited money earns statutory interest until it is withdrawn, which the property owner may do immediately.  *Id.*  Doing so, however, waives the property owner's right to dispute the taking, i.e., to assert a right-to-take challenge, other than the right to challenge the amount of just compensation.  *Id.*; Cal. Civ. Proc. Code § 1255.260.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

- The City "has no project to build."  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 1:27-28)

- The City's "so-called 'project' is a possible Establishment Clause violation and its alleged need to get fee simple title to a few lots which are subject to [Plaintiff's] easement to maintain the cross."  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 1:28-2:2)

- Plaintiff "will suffer substantial hardship if the Order for Possession is granted.  If the Order is granted the City will remove the cross.  [Plaintiff] will be unable to light the cross at Christmas and will be unable to hold its Easter service." (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 2:14-16.)

- If the requested order is granted, Plaintiff "will be required to obtain a permit from the City to restore the cross.  Assuming the permit is granted, [Plaintiff] will need to hire a contractor to construct and install a new cross.  All this will cost time and money."  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 2:16-20.)

- The City's underlying Resolution of Necessity is not entitled to a conclusive presumption of validity.  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 4:1-12.)

- "The City has failed to establish an overriding need for prejudgment possession and failed to establish [it] will suffer a substantial hardship if possession is denied."  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 4:13-6:4.)

- Plaintiff "will suffer significant and permanent hardship if the cross is removed."  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 6:3-13.)

- The City failed to establish facts necessitating the exercise of eminent domain, and neither the public interest, the necessity, nor the easement sought to be acquired are necessary for any project.  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 6:14-22.)

- The City's decision to adopt the challenged Resolution of Necessity was a gross abuse of discretion, and there is no public need to condemn Plaintiff's easement

interest in the Subject Property.   (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 7:2-10:7.)

- The City is depriving Plaintiff of, and interfering with, its free speech and free exercise of religion rights under the First Amendment and violating the Establishment Clause.

The court in the State Court Action further found that the City satisfied each of the four statutory elements for obtaining an order for prejudgment possession,[9] and City is entitled to a conclusive presumption that the requirements for exercising its eminent domain power have been established under California Code of Civil Procedure section 1240.030.   (Ditfurth Decl., ¶ 8, Exhibit G, Prejudgment Possession Order.)   Critically, the court determined that ordering prejudgment possession does not preclude Plaintiff from asserting any right-to-take challenge at trial.  (*Id.* at 7 (explaining that "[t]he City is correct that [Plaintiff] conflates the prerequisites for an order of prejudgment possession under [Code of Civil Procedure section] 1255.410 with the merits of an eminent domain right to take trial under Code of Civil Procedure [section] 1260.120.").  In reaching its decision, the court cited the Legislative Committee Comment following Code of Civil Procedure section 1255.410, which provides as follows:

> It should be noted that the determination of the plaintiff's right to take the property by eminent domain is preliminary only.  The granting of an order for possession does not prejudice the defendant's right to demur to the complaint or to contest the taking.  Conversely, the denial of an order for possession does not require a dismissal of the proceeding and does not prejudice the plaintiff's right to fully litigate the issue if raised by the defendant.

Indeed, Plaintiff has alleged a right-to-challenge in the State Court Action, alleging all of the same arguments raised here.  As described in more detail below, grounds for federal abstention exist because the very same claims Plaintiff is asserting in this lawsuit are currently pending in the State Court Action and have yet to be decided.  Because there is yet to be a final decision on the

---

[9] To obtain an order for prejudgment possession, the moving party must show: (1) the plaintiff entitled to take the property by eminent domain; (2) the plaintiff deposited an amount no less than the appraised value; (3) there is an overriding need for the plaintiff to possess the sought-after property before final judgment is issued in the case, and the plaintiff will suffer a substantial hardship if the possession application is denied or limited; and (4) the hardship that the plaintiff will suffer if possession is denied or limited outweighs the defendant's hardship that would otherwise be caused by granting prejudgment possession.  Cal. Civ. Proc. Code § 1255.410(d)(2).

merits with respect to Plaintiff's right-to-take challenge, Plaintiff is unlikely to demonstrate a likelihood of success on the merits for purposes of the instant motion.  Plaintiff's current action is nothing more than an attempt to have this Court overrule a decision already made in the State Court Action.  Plaintiff did not seek a writ on the ruling in the State Court Action, but instead filed this lawsuit.  Plaintiff should not be permitted to forum shop its claims to overrule previous decisions made in the State Court Action.

## III.   LEGAL ARGUMENT

### A.   Legal Standard For A Motion For Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  To obtain the requested preliminary injunction, Plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent an injunction; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  *Id*. at 20; *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011).  As the moving party, Plaintiff has the burden of proof on all four elements.  *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F.Supp. 719, 726 (C.D. Cal. 1996).  Unless the moving party is able to carry the burden of persuasion, by a clear showing, the request for a preliminary injunction should be denied.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  Plaintiff has the burden of proving the propriety of such an extraordinary and drastic remedy by clear and convincing evidence.  *In Defense of Animals v. U.S. Dept. of Interior*, 737 F.Supp.2d 1125, 1131 (E.D. Cal. 2010).

Where an injunction is sought against the government's actions, a higher showing is required on the claimed harm's imminence.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also Kim v. City of Belmont*, 2018 WL 500269, at *14 (N.D. Cal. 2018) ("The Court has held that recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers ... in the absence of irreparable injury which is both great and immediate.").  The Separation of Powers Doctrine also counsels against issuing injunctions intended to control a public entity.  *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996).  As set forth in the sections that follow, Plaintiff cannot demonstrate the perquisites for a

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1    preliminary injunction.

2         **B.      Plaintiff Is Unlikely to Succeed On The Merits**

3              **1.      Dismissal And/Or Abstention Is Warranted Under The Circumstances**

4         *Pullman* abstention is warranted here. *Railroad Commission of Texas v. Pullman Co.*, 312

5    U.S. 496 (1941) ("*Pullman*"). Eminent domain and, similarly, land use regulation are sensitive

6    areas of public policy that are best left to the states to address. *San Remo Hotel v. City & County*

7    *of San Francisco*, 145 F.3d 1095 (9th Cir. 1998). In the alternative, the City would seek abstention

8    under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado*

9    *River*"). *Colorado River* abstention should be exercised where there is a pending state action arising

10   out of the same controversy, based upon "considerations of wise judicial administration, giving

11   regard to conservation of judicial resources and comprehensive disposition of litigation." (*Id.*)

12         **a.      The Court Should Abstain In Accordance With The *Pullman***

13              **Doctrine**

14        "*Pullman* abstention is the oldest of the abstention doctrines and perhaps the easiest to

15   understand." *U.S. v. Morros*, 268 F.3d 695, 703 (9th Cir. 2001). It is "an equitable doctrine that

16   allows federal courts to refrain from deciding sensitive federal constitutional questions when state

17   law issues may moot or narrow the constitutional questions." *Fireman's Fund Ins. Co. v. City of*

18   *Lodi*, 302 F.3d 928, 938, n.11 (9th Cir. 2002). "[F]ederal courts should abstain from decisions

19   when difficult and unsettled questions of state law must be resolved before a substantial federal

20   constitutional question can be decided. By abstaining in such cases, federal courts … avoid both

21   unnecessary adjudication of federal questions and 'needless friction with state policies.'" *Columbia*

22   *Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801-02 (9th Cir. 2001) ("*Columbia Basin*").

23        The Supreme Court has clarified that *Pullman* "abstention is appropriate where an

24   unconstrued … statute is susceptible of a construction by the state judiciary which might avoid in

25   whole or in part the necessity for federal constitutional adjudication, or at least materially change

26   the nature of the problem." *Bellotti v. Baird*, 428 U.S. 132, 146-47 (1976) (internal citations

27   omitted). A district court may abstain from exercising its jurisdiction under *Pullman* when three

28   factors exist: "(1) the complaint must involve a 'sensitive area of social policy' that is best left to

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1   the states to address; (2) 'a definitive ruling on the state issues by a state court could obviate the

2   need for federal constitutional adjudication by the federal court'; and (3) 'the proper resolution of

3   the potentially determinative state law issue is uncertain.'"  *Cedar Shake and Shingle Bureau v.*

4   *City of Los Angeles,* 997 F.2d 620, 622 (9th Cir. 1993) ("*Cedar Shake*") (invoking *Pullman*

5   abstention and reversing district court's contrary conclusion where case challenged authority of

6   city to regulate building by banning wood shake roofs).  All three factors are satisfied here.

7       Regarding the first factor, the Ninth Circuit has "consistently held that land use planning is

8   a sensitive area of social policy that meets the first requirement for *Pullman* abstention." *San Remo*

9   *Hotel*, 145 F.3d at 1105 (remanding with instructions to abstain under *Pullman* at p. 1106); *see*

10  *also, e.g., Columbia Basin,* 268 F.3d at 802 ("[w]e often have held that land-use planning questions

11  'touch a sensitive area of social policy' into which the federal courts should not lightly intrude");

12  *C-Y Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983) ("*C-Y Development*")

13  (land use planning is a sensitive area of social policy).

14      Here, the City's Resolution of Necessity is consistent with all applicable rules and

15  regulations under state and federal law for exercising its eminent domain power to condemn

16  Plaintiff's easement interest.  Under both the California and United States Constitution, the

17  government may take private property for public use so long as just compensation is paid.  Plaintiff

18  contends, both in the State Court Action and in this federal lawsuit, that the City decision to

19  condemn its easement interest is inappropriate because:

20      • The City has no project to build;

21      • It failed to identify a public project;

22      • The City has alternative means of avoiding the potential Establishment Clause issue

23          found in *Lions Club I* (namely, selling that portion of the Subject Property to

24          Plaintiff);

25      • Plaintiff will suffer a substantial hardship if the cross is removed;

26      • If the cross is removed and Plaintiff successfully asserts a right-to-take challenge, it

27          will not be able to restore the cross at Albany Hill Park;

28      • The City's Resolution of Necessity is invalid;

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
CITY OF ALBANY'S OPPOSITION TO
MTN FOR PRELIMINARY INJUNCTION

- The City failed to establish an overriding need for prejudgment possession;
- The City failed to establish that it will suffer a substantial hardship if possession is denied;
- Plaintiff will suffer significant and permanent hardship if the cross is removed; and
- The City is depriving Plaintiff of and interfering with its free speech and free exercise of religion rights under the First Amendment and violating the Establishment Clause.

Plaintiff focuses solely on the City's desire to avoid an Establish Clause problem, as Judge Alsup noted in *Lions Club I*.  However, Plaintiff has completely and consistently ignored the fact that one of the stated reasons to conduct eminent domain was so the City could provide an unencumbered park to its residents.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 8, Exhibit B, Resolution No. 2022-32.)  The City's decision to plan for development of its own land (as a reminder, the City is the Subject Property's fee owner) is similar to general plans individual cities have adopted, challenges to which have been held to be subject to *Pullman* abstention.  *E.g.*, *Sederquist v. City of Tiburon*, 590 F.2d 278, 282 (9th Cir. 1978) (takings challenge to city's adoption of a general plan that included plaintiffs' access road in the plan's open space element); *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092, 1093, 1095 (9th Cir. 1976) (takings challenge to city's adoption of general plan that designated plaintiff's property for preservation of open space).

As for the second factor, the State Court Action may render Plaintiff's federal constitutional claim moot or, at the very least, present it in a different posture.  *Pullman* abstention does not require that a ruling on the state issue by a state court could moot the federal constitutional issue. It is enough that a ruling on the state issue by a state court could result in the federal constitutional issue being "presented in a different posture." *Columbia Basin,* 268 F.3d at 801; *C-Y Development*, 703 F.2d at 380 ("Although abstention in this case may not obviate the need to decide all the federal constitutional questions, it will substantially reduce the contours of such adjudication and place it in a different posture."); *Richardson v. Koshiba*, 693 F.2d 911, 916 (9th Cir. 1982) (recognizing that the "threshold inquiry" in a section 1983 procedural due process claim is whether the plaintiff

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

has been deprived of a property interest created by state law); *see also Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996) ("*Sinclair Oil*") ("For *Pullman* purposes, though, it is sufficient if the state law issues might 'narrow' the federal constitutional questions.").

Here, if Plaintiff were to prevail on its right-to-take challenge, it would no longer be compelled to remove the cross from Albany Hill Park. Without being forced to remove the cross under the City's power of eminent domain, the complained of constitutional harms in this federal lawsuit would be moot. Moreover, if Plaintiff were to lose on its right-to-take challenge, that could present Plaintiff's current claims in a different posture, as Plaintiff would somehow need to show it can overcome a valid Resolution of Necessity to acquire the Subject Property. Thus, the second criterion for *Pullman* abstention is met.

The third *Pullman* factor likewise favors abstention. Uncertainty exists when a federal court cannot predict with confidence how a state court would decide an issue of state law. *Pearl Invest. Co. v. City & County of San Francisco,* 774 F.2d 1460, 1465 (9th Cir. 1985). The Ninth Circuit requires "only a minimal showing of uncertainty to satisfy the third *Pullman* factor in land use cases." *VH Property Corp. v. City of Rancho Palos Verdes,* 622 F.Supp.2d 958, 964 (C.D. Cal. 2009) (finding uncertainty as to how a California court would apply "peculiar facts" to determine whether a city abused its discretion in requiring a developer to demonstrate that a property met specified safety criteria); *see, e.g.*, *Sinclair Oil,* 96 F.3d at 410 (finding uncertainty despite plaintiff's "conventional inverse condemnation claim" that did not implicate "a novel claim of statutory construction" because the community plan at issue had not yet been challenged in a state court); *Columbia Basin,* 268 F.3d at 806 (finding uncertainty where no Washington court had evaluated the constitutionality of a land use ordinance under the unique provisions of the state Constitution).

Uncertainty exists here because the City does not know how the court in the State Court Action is going to resolve the constitutional underpinnings of Plaintiff's right-to-take challenge. Thus, the third *Pullman* factor is satisfied because a prediction cannot be made with confidence that a state court would interpret the City's Resolution of Necessity in the way Plaintiff seeks.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

**b.** **Alternatively, The *Colorado River* Factors Weigh In Favor Of Abstention**

In determining whether the court should abstain, the court considers eight factors: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017) ("*Montanore*") (reversing trial court order refusing to abstain, and directing trial court to abstain under *Colorado River*).

(1) *"which court first assumed jurisdiction over any property at stake"*

The State Court Action was filed first pursuant to the City's Complaint in Eminent Domain, and Plaintiff's subsequent right-to-take challenge, which weighs in favor of a stay. Because the underlying property interests are already being litigated in the State Court Action and Plaintiff is making the same arguments there as it is here, there is a risk of inconsistent rulings. That is, the State Court Action could result in the City condemning Plaintiff's easement interest while this Court may determine that such action violates Plaintiff's First Amendment rights.

(2) *"inconvenience of the federal forum"*

While both the federal and state courthouses are in the San Francisco Bay Area, the matter pending in the State Court Action is closer to the City, Albany Hill Park, and potential witnesses.

(3) *"the desire to avoid piecemeal litigation"*

Plaintiff's decision to file a second action in federal court has resulted in piecemeal litigation of its singular goal: to defeat the City's effort to condemn Plaintiff's easement on the Subject Property. It does not promote "conservation of judicial resources and comprehensive disposition of litigation to have a federal court adjudicate rights that [are] implicated in a vastly more

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
CITY OF ALBANY'S OPPOSITION TO
MTN FOR PRELIMINARY INJUNCTION

1   comprehensive state action." *Montanore,* 867 F.3d at 1167 (internal quotation marks and citations

2   omitted).

3                    (4)      *"the order in which the forums obtained jurisdiction"*

4          The City's State Court Action was filed first, and Plaintiff did not decide to avail itself to

5   the federal court until after it received an adverse ruling granting the City prejudgment possession

6   of Plaintiff's easement.  Rendering the decision to grant the City's prejudgment possession motion

7   demonstrates that the State Court Action has already made substantial progress.  *See R.R. Street &*

8   *Co. v. Transport Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011) (the state court made "significant

9   progress" in the lawsuit, having already "conducted discovery, initiated a phased approach to the

10  litigation and issued an order concerning foundational legal matters").

11                   (5)      *"whether federal law or state law provides the rule of*

12                            *decision on the merits"*

13         "The fact that state law provides the rule of decision on the merits in a case may favor a

14  stay, but only when the state law questions are themselves complex and difficult issues better

15  resolved by a state court."  *Montanore,* 867 F.3d at 1168 (internal quotation marks omitted).  At

16  their core, Plaintiff's contentions against the City's proposed course of action is that its Resolution

17  of Necessity is invalid for reasons provided under state law.

18                   (6)      *"whether the state court proceedings can adequately protect*

19                            *the rights of the federal litigants"*

20         There is no doubt that California state courts have authority to adjudicate eminent domain

21  and similar constitutional matters, and thus the State Court Action can adequately protect the rights

22  of the federal litigants.  *See Montanore,* 867 F.3d at 1169 (state court proceeding adequate even

23  though state court refused to consider an alleged "Federal Land Policy Management Act defect"

24  when considering the validity of unpatented mining claims); *York v. City of Los Angeles*, 33

25  Cal.App.5th 1178, 1193 (2019) (state court adjudicating causes of action for inverse condemnation

26  and violation of civil rights, both of which were premised on an alleged regulatory taking).

27                   (7)      *"the desire to avoid forum shopping"*

28         "*Colorado River* helps combat forum-shopping by providing a mechanism for avoiding

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1  duplicative litigation." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 245 (9th Cir. 1989).

2  Plaintiff filed the instant federal action only after it received an adverse ruling in the State Court

3  Action.  Indeed, without even a final appealable order in the State Court Action, Plaintiff is seeking

4  another bite of the appeal.  Rather than allowing proceeding to a right-to-take trial, Plaintiff decided

5  to file this lawsuit as a quasi-appeal of the State Court Action's order granting the City's motion

6  for prejudgment possession.

7                     (8)      *"whether the state court proceedings will resolve all issues*

8                              *before the federal court"*

9           Regarding the last factor, whether the state court proceedings will resolve the federal action,

10  "[w]e do not require 'exact parallelism' under this factor; it is sufficient if the proceedings are

11  'substantially similar.'"   *Montanore,* 867 F.3d at 1170 (internal quotation marks omitted).

12  "Moreover, we are particularly reluctant to find that the actions are not parallel when the federal

13  action is but a 'spin-off' of more comprehensive state litigation." *Id.* (internal quotation marks

14  omitted).  The federal and state court actions allege the same nucleus of facts: the City is violating

15  Plaintiff's constitutional rights by exercising the power of eminent domain to condemn an easement

16  that has a religious symbol.  Both complaints "attempt to accomplish the same goal" [*Montanore,*

17  867 F.3d at 1170], i.e., a judicial determination that the City's condemnation action violates the

18  United States Constitution.

19         **2.      The City Has A Legitimate Reason To Condemn The Subject Property,**

20                 **And Is Neither Temporarily Nor Permanently Depriving Plaintiff's**

21                 **First Amendment Right To Exercise Religion Freely**

22         A resolution of necessity may be considered sufficient evidence of a public entity's urgent

23  need to obtain possession.  *Israni v. Superior Court*, 88 Cal.App.4th 621, 640 (2001).  Only in rare

24  instances will courts disturb a legislative or administrative declaration, such as a resolution of

25  necessity, that the particular use is public or necessary.  *See*, *People ex rel. Dep't Pub. Works v.*

26  *Superior Court*, 68 Cal.2d 206 (1968).

27         The City owns the property that is the subject matter of this eminent domain action.  Plaintiff

28  has a limited easement over the property for ingress and egress to maintain a cross situated on the

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1   property.  The City proposes a project required by public interest and necessity because the City

2   seeks to acquire the easement in order to unencumber public land and avoid any potential violation

3   of the Establishment Clause arising from Defendant's display of a cross in the park.  (Ditfurth Decl.,

4   ¶ 2, Exhibit A, Bond Decl., ¶¶ 2–4; see Cal. Civ. Proc. Code § 1240.680(a)(1) ("property is

5   presumed to have been appropriated for the best and most necessary public use if the property is

6   appropriated to public use as…a city park…."); see also *Lions Club of Albany, California v. City*

7   *of Albany*, 323 F.Supp.3d 1104, 1117 (N.D. Cal. 2018).  Here, the property is already being utilized

8   as public space.  Accordingly, the City's intended use is presumed to be the best and most necessary

9   use.  Additionally, the City's legitimate and secular purpose in avoiding future Establishment

10   Clause litigation justifies the removal of the cross.  *See Vasquez v. Los Angeles County*, 487 F.3d

11   1246, 1257 (9th Cir. 2007).

12                  **3.        The City Is Not Depriving Plaintiff's Constitutional Rights**

13          Despite Plaintiff's platitudes to the contrary, the City's actions do not prevent Plaintiff, its

14   members, or the public from continuing to gather at Albany Hill Park to host and celebrate Easter

15   morning services, to pray, to worship, and to participate in other religious activities.  (Motion, 9:1-

16   5).  Plaintiff is free to use Albany Hill Park for any lawful purpose. Put another way, the City is not

17   preventing anyone from practicing religion, nor is it restricting anyone's ability to express free

18   speech at Albany Hill Park or elsewhere.  The City is simply condemning out an easement and

19   removing a cross on public property that it owns.

20          **C.        <u>Plaintiff Has Not And Cannot Demonstrate Irreparable Harm</u>**

21          Plaintiff bears a heavy burden to show that "irreparable injury is likely in the absence of an

22   injunction." *Winters*, 555 U.S. at 21–22.  To establish a likelihood of irreparable harm, conclusory

23   or speculative allegations are not enough.  *Herb Reed Enters., LLC v. Fla. Entertainment*

24   *Management*, 736 F.3d 1239, 1250 (9th Cir. 2013).  To satisfy the irreparable harm prong, a

25   plaintiff must prove that the irreparable harm was caused by the complaint of conduct, and that the

26   injunction will remedy that harm. *Sierra Club v. U.S. Department of Energy*, 825 F. Supp. 2d 142,

27   153 (D.D.C. 2011) ("A plaintiff may be irreparably harmed by all sorts of things, but the irreparable

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
CITY OF ALBANY'S OPPOSITION TO
MTN FOR PRELIMINARY INJUNCTION

1    harm considered by the court must be caused by the conduct in dispute and remedied by the relief

2    sought.").

3         Here, Plaintiff goes to great lengths to try and show that irreparable harm will be had

4    regarding the removal of the cross.  Plaintiff argues a parade of horribles regarding what may occur

5    if the cross is removed.  However, the State Court Action has already ruled that "if the City of

6    Albany removes the Cross from the City Property, Albany shall preserve the cross in a safe location

7    pending trial and final judgment in the action."  (Ditfurth Decl., ¶ 8, Exhibit G, Prejudgment

8    Possession Order.)  Accordingly, the City has already been ordered to preserve the cross in a safe

9    location.  There is no irreparable harm to the Plaintiff.

10        Moreover, as set forth herein, Plaintiff is neither an owner nor occupant of the Subject

11   Property, but rather a mere easement holder.  An easement is a nonpossessory interest in real

12   property, thus the easement owner does not have the right to actual possession.  *Marvin M. Brandt*

13   *Revocable Tr. v. U.S.*, 572 U.S. 93 (2014).  Any "hardship" Plaintiff suggests is mere conjecture.

14   Indeed, potential loss to a party not in possession of the property in question does not amount to a

15   substantial hardship.  *See Israni*, 88 Cal.App.4th at 640-643 (2001).  Because Plaintiff does not

16   actually own or possess the Subject Property, the "hardships" set forth by Plaintiff do not provide

17   a basis to grant a preliminary injunction.

18        On the other side, if the cross is not removed, as Judge Alsup previously stated it should be

19   and, as the State Court already ruled could be, the City will suffer hardship, as there will be an

20   unnecessary and ongoing risk of litigation due to the possibility that the cross raises concerns under

21   the Establishment Clause.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 11, Exhibit C (*Lions Club*,

22   *supra*, 323 F.Supp.3d at 1115–17.)  Additionally, the City is presently managing the property as a

23   public park.  The City has an ongoing and overriding need to continue managing the open space,

24   with all of its plant and animal life, for the public, without interference of the maintenance of the

25   cross.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 11.)  The City has an overriding need for

26   possession of the property to be able to appropriately manage this open space.  (*Id*.)

27        **D.    It Is Unclear Whether Plaintiff Has Standing To Assert Its Claims**

28        Plaintiff's standing to bring suit in federal court against the City for these claims must be

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

resolved before the merits of any claims may be considered. *See Association for Accessible Medicines v. Bonta*, 562 F. Supp. 3d 973, 981 (E.D. Cal. 2021). To establish standing under Article III of the United States Constitution, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* Because the matter is at the pleading stage, Plaintiff must clearly allege facts demonstrating each of the aforementioned elements. *Id.* The United States Supreme Court has recognized that "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977).

Due to Plaintiff's failure to state a claim for relief against the City in the underlying pleading, a ground upon which the City intends to move for dismissal under Federal Rules of Civil Procedure, Rule 12(b)(6), it is unclear whether Plaintiff has standing to obtain the requested preliminary injunction, let alone to maintain this lawsuit. The City basis its standing argument against Plaintiff on two separate but related grounds. First, Plaintiff has not brought a class action lawsuit, and as a result, Plaintiff may only assert claims on its own behalf.

The City owns fee title to the property, not Plaintiff. Plaintiff simply has a non-exclusive easement interest for ingress and egress to maintain the cross on the Subject Property. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 2, Exhibit A). Plaintiff has no legal right to possess the land, nor is it the Subject Property's record owner. *See Marvin M. Brandt Revocable Tr.*, 572 U.S. 93. Moreover, Plaintiff has no possessory interest in the land or the cross that would otherwise confer upon it proper standing. See *Dutcher v. Sanders*, 20 Cal.App.549 (1912).

Second, Plaintiff cannot demonstrate that its members would have standing to sue in their own right. Plaintiff has attempted to color some form of associational standing in its pleading by alleging that its unidentified, non-party members' constitutional rights to freedom of religious

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

expression and speech are being impinged upon.  (Complaint, ¶¶ 71, 74, 75, 76, 80, 82, 83, 86, 88, 89.)  The same is true for Plaintiff's allegations pertaining to the alleged violation of the Equal Protection clause of the United States Constitution.  (Complaint, ¶¶ 102-104, 106, 107.)  To illustrate, Plaintiff alleges:

- "public habits and traditions are easily changed such that once traditions and events are terminated and locations are moved, *members of the public* forget, disregard, abandon and fail to return to such traditions and events if and when they can be reinstated[;]"  (Complaint, ¶ 71).

- "[u]nless enjoined by this Court *the Lions* will be deprived of *their rights* to freely exercise the Christian religion…"  (Complaint, ¶ 74).

- "[u]nless enjoined by this Court *the Lions* will be deprived of *their rights* to symbolically communicate the religious solace, comfort, and well-being which the display of the Christian Cross conveys to residents of the community…" (Complaint, ¶ 76).

None of these allegations, however, have been advanced by any evidence suggesting that any individual member has a claim against the City under any theory, and Plaintiff cannot show its members' special interest to be served or particular right to be preserved.  Even though Plaintiff proffers a declaration from its immediate past President, Kenneth Berner, he does not allege any constitutional harm to himself attributable to the City's challenged conduct.   (Motion for Preliminary Injunction ("Motion"), Declaration of Kenneth Berner ("Berner Decl.").)  Rather, Mr. Berner states, for example, Plaintiff's ability to exercise its rights to free exercise of religion will be effected by the condemnation action.  (Motion, Berner Decl., ¶¶ 14-15).  As for the declaration of Plaintiff's current president, Kevin Pope, he too does not allege any constitutional harm to himself attributable to the City's challenged conduct.  (Motion, Declaration of Kevin Pope ("Pope Decl.").)  Instead, Mr. Pope proffers testimony concerning physical damage to the cross, which is a matter that can be, and is being, asserted in the State Court Action as part of a claim for just compensation.  (Motion, Pope Decl., ¶¶ 13-14.)

Moreover, Plaintiff is required to show that its membership was impacted by the City's

acquisition of the easement and cross.  However, Plaintiff's claims in this action directly contradict its own bylaws.  Plaintiff's own Constitution and Bylaw state that its purpose is:  "To Provide a forum for the open discussion of all matters of public interest; provided, however, that *partisan politics and sectarian religion shall not be debated by club members*."[10] (Italics added).   As Plaintiff's members cannot advocate or even debate for particular religious belief, Plaintiff should not have standing to state that its particular religious beliefs have been impacted.

## IV.   **CONCLUSION**

Based upon the foregoing, the City respectfully requests that the Court deny Plaintiff's Motion for a Preliminary Injunction.

Dated: October 7, 2022                                BEST BEST & KRIEGER LLP


By:  _/S/  Scott W. Ditfurth_
                                            SCOTT W. DITFURTH
                                            ANDREW G. SAGHIAN
                                            Attorneys for Defendant
                                            CITY OF ALBANY, a Charter City

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

---

[10]  This language can be found on the Lions Club International Constitution and Bylaws at: https://clubrunner.blob.core.windows.net/00000101144/en-us/files/homepage/lions-club-international-constitution-by-laws/Lions%20Club%20International%20Constitution%20&%20By-Laws.pdf