ROBERT E. NICHOLS (SBN 100028)
RICHARD W. COVERT (SBN 34582)
713 Key Route Blvd.
Albany, California 94706
Telephone: (510) 710-7033
renichols01@comcast.net

*Attorneys for Plaintiff,*
*The Lions Club of Albany, California*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LIONS CLUB OF ALBANY, CALIFORNIA, A Nonprofit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF ALBANY, a Charter City; and DOES 1 through 25;<br><br>Defendants. | Case No. 3:22-CV-5377 WHA<br>Related to 3:17-CV-05236<br><br>**APPLICATION FOR TERMINATION OF COURT'S STAY OF THIS ACTION,**<br><br>**APPLICATION FOR TEMPORARY RESTRAINING ORDER PRESERVING CROSS PRIOR TO ITS REMOVAL AFTER MARCH 3, 2023**<br><br>**AND, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:  TBD<br>Time:  TBD<br>Courtroom: 12, 19th Floor<br>Judge: William H. Alsup |

1

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**          **Case No. 3:22-CV-05377 WHA**

Plaintiff, the Lions Club of Albany, California (Lions) hereby requests, pursuant to FRCP 65 Civil Local Rules 7-10 and 65-1 that the Court terminate the stay of these proceedings issued by this Court on November 17, 2022, issue a temporary restraining order enjoining Defendant, the City of Albany from taking, removing, disassembling or otherwise injuring the Cross on Albany Hill, and issue an order to show cause why a preliminary injunction should not issue. Counsel has contacted opposing counsel, Scott W. Ditfurth, and requested that the City agree to refrain from the immediate removal of the cross and allowing Plaintiff to bring a Noticed Motion and Defendant City has refused. The City was advised that Plaintiff Lions Club would seek this TRO and Plaintiff has served a copy of this Application, Declaration Memorandum of Points and Authorities on the City on this date. See Declaration of Robert E. Nichols.

**NEED FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, the Lions Club of Albany, California seeks a TRO to prohibit Defendant, the City of Albany, from removing the Christian Cross standing on a valid easement on Albany Hill. The stay issued by the Alameda County Superior Court expires **March 3, 2023.**

On September 21, 2022, The Lions Club filed a complaint in this Court seeking an injunction enjoining and restraining The City of Albany from removing the Cross on Albany Hill.

On November 17, 2022, after hearing, this Court granted in part, an Order enjoining the City of Albany from removing the Lions Club's cross on Albany Hill Park, until such time as the Superior Court of Alameda County [Judge Chatterjee] reconsidered his Order of August 30, 2022 granting the City prejudgment possession of the Lions Club's cross. This Court's Order noted that Judge Chatterjee appeared to have granted the City possession of the cross based on a misunderstanding of this Court's June 2018 ruling in the prior related action.

At the hearing before this Court on November 16, 2022, the Lions Club produced evidence that under the City's general plan and zoning, once the cross is removed, it cannot be reconstructed on Albany Hill.

In its Order this Court noted that permanent removal of the cross raised a serious constitutional issue regarding the free exercise of religion. The Court also suggested that Judge Chatterjee balance the hardships under state law, taking into account the prohibition on

2

PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE PRELIMINARY INJUNCTION                                         Case No. 3:22-CV-05377 WHA

1  establishment of religion on one hand, versus the guarantee of free exercise of religion on the other.
2  and to keep in mind the distinct risk that once the cross is down even "temporarily," it is down
3  forever.

4  Following this Court's advice, on November 21, 2022, the Lions Club extended a written
5  offered the City $12,500 to buy the lot containing the cross. If accepted, this solution would solve
6  the City potential Establishment Clause violation. The cross would be in private ownership.

7  The day after this offer was made, the City Council rejected the offer. (Exhibits *). Proving
8  that the City had no interest in solving the potential Establishment Clause problem— its real
9  agenda was to remove the cross. In doing so the City sides with atheists and others who oppose
10 the cross as against the Lions Club member and others who worship at the cross. This violates the
11 Lions Club's rights of free exercise of religion and free speech guaranteed under The First
12 Amendment to the U.S. Constitution and Article I, sections 2 and 4 of the California Constitution.

13 On December 8, 2022, the City filed a Motion requesting Judge Chatterjee to reaffirm his
14 original Order grantin5g the City possession of the cross. In its Brief opposing the City's Motion,
15 the Lions Club presented evidence that once the cross is removed, the Lions Club will not be able
16 to reconstruct it.

17 On January 30, 2023, after a hearing, and despite this Court's guidance and the Lions Clubs
18 objections, Judge Chatterajee reaffirmed his original Order granting the City possession of the
19 cross. (See Exhibit 1) In his Order of January 30, 2023, Judge Chatterjee never mentions or
20 considers the evidence that once the cross is down, the Lions Club can never reconstruct it on
21 Albany Hill, even if it defeats the City's "right to take."

22 On February 22, 2023, following this Court's advice, the Lions Club filed a Writ of
23 Mandate/Prohibition with the State Court of Appeal, First Appellate District, Division Five, to bar
24 the City from removing the cross, prior to a final judgement that the City has the right to condemn
25 the cross. (Exhibit 2) Two days later, on February 24, 2023, the Court of Appeal denied the Writ
26 for alleged technical defects, described in three brief paragraphs. The Court's denial never reached
27 the merits of the Writ (Exhibit 3)

28 In their initial filing before this Court, the Lions Club presented evidence of Free Exercise

3

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE PRELIMINARY INJUNCTION**                                  Case No. 3:22-CV-05377 WHA

and Free Speech violations by showing that government has burdened a sincere religious practice by a policy that is not neutral or generally applicable. *Kennedy v. Bremerton Sch. Dist.,* No. 21-418, 2022 WL 2295034, (U.S. June 27, 2022) (quoting *Emp. Div., Dep't of Hum. Res. of Ore. v. Smith*, 494 U.S. 872, 881 (1990)); *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, No. 22-15827 (9th Cir. Aug. 29, 2022) Here, the City's actions are not neutral. Removal of the Cross will end the Lions religious practices associated with the Cross and significantly injure the Lions rights of free speech and religious expression. The City has acted exclusively against the Lions easement and Cross in city council proceedings, their actions are not generally applicable.

Courts apply strict scrutiny when the government proceeds in a manner intolerant of religious beliefs or restricts religious practices. *Fulton v. City of Philadelphia,* 141 S. Ct. 1868, 1877 (2021). The City's actions meet neither of the prongs of strict scrutiny. The City's action is not neutral nor is it narrowly tailored. The City has disapproved of the Cross for over six years repeatedly demanding the Cross be removed. The City disconnected utility service to the Cross for which the Lions sued. The City counterclaimed to remove the Cross but lost on summary judgment. See *Lions Club of Albany v. City of Albany*, 323 F. Supp. 3d 1104 (N.D. Cal. 2018).

The Lions presented the City with a neutral solution to their perceived Establishment Clause problem, the purchase of the plot of land upon which the Cross stands, but the City rejected that solution without comment or consideration. In sum the City fails both prongs of strict scrutiny.

The failure of the City's actions when analyzed under strict scrutiny establishes that the Lions are likely to succeed on the merits of their Free Exercise and Free Speech claims.

## GROUNDS FOR APPLICATION

The analysis is substantially identical for the injunction and the TRO. *Stuhlbarg Intl. Sales v. John D. Brush Co.*, 240 F.3d 832, 839 fn7, (9th Cir. 2001) To obtain a preliminary injunction, a plaintiff must show: (1) that it is "likely to succeed on the merits," (2) that it is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that the "balance of equities tips in [its] favor," and (4) that "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). When the government is a

4

party, the last two factors merge. *California v. Azar*, 911 F.3d 558,575 (9th Cir. 2018); *Drakes Bay Oyster Co. v. Jewell* , 747 F.3d 1073, 1092 (9th Cir. 2014).

If Plaintiff shows a likelihood of irreparable injury and that the injunction is in the public interest a preliminary injunction is appropriate. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) A preliminary injunction is a provisional remedy, the purpose of which is to preserve status quo and to prevent irreparable loss of rights prior to final disposition of the litigation. *Napa Valley Publishing Co. v. City of Calistoga,* 225 F. Supp. 2d 1176, 1180 (N.D. Cal. 2002) The cross has stood for 50 years. Now the City wants to remove it before there is a final judgement in the eminent domain action, that the City has the right to take the cross. The City will suffer no harm if this Court grants a temporary restraining order. If a temporary restraining and preliminary injunction are not granted the Lions Club will suffer irreparable harm to its First Amendment rights of free exercise of religion and free speech.

Having exhausted all remedies offered by the California trial and appellate courts the Lions Club's last resort is to seek relief from this Court.

In this matter the public interest favors a temporary restraining order and preliminary injunction. "Courts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles." *Sammartano v. First Judicial District Court,* 303 F.3d 959, 974 (9th Cir. 2002) Indeed, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012).

**RELIEF SOUGHT**

Plaintiff respectfully request that the Court grant this motion as follows:

First, Order the stay of the proceeding in this court be dissolved;

Second, Plaintiff request that the Court issue an immediate temporary restraining order, pending a hearing on the request for a preliminary injunction, that enjoins Defendant, the City of Albany and its agents, servants, employees, and all person acting in concert or participation with them from taking, removing, moving, deconstructing, disassembling or otherwise injuring the

5

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**              Case No. 3:22-CV-05377 WHA

Cross on Albany Hill.

Third, Plaintiff asks the Court to issue an order to show cause why a preliminary injunction should not issue to enjoin Defendant from taking, removing, moving, deconstructing, disassembling or otherwise injuring the Cross on Albany Hill and set a hearing for a preliminary injunction.

## SUPPORTING DOCUMENTS

This motion is based on this *Ex Parte* Application and the following documents that are being filed herewith: Memorandum of Law in Support of Temporary Restraining Order and Preliminary Injunction; [Proposed] Temporary Restraining Order and Order to Show Cause; Declaration of Robert E. Nichols Certifying Notice to Defendant; the exhibits attached thereto all pleadings and papers filed in this action; the argument of counsel; and such further evidence as the Court may consider at or before a hearing regarding this Application or the hearing regarding the Order to Show Cause and preliminary injunction requested herein.

Dated: February 27, 2023

/S/  Robert E. Nichols

ROBERT E. NICHOLS
Attorney for Plaintiff
Lions Club of Albany, California

6

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**                Case No. 3:22-CV-05377 WHA