1  SCOTT W. DITFURTH, Bar No. 238127
   scott.ditfurth@bbklaw.com
2  ANDREW G. SAGHIAN, Bar No. 316680
   andrew.saghian@bbklaw.com
3  BEST BEST & KRIEGER LLP
   3390 University Avenue, 5th Floor
4  P.O. Box 1028
   Riverside, California  92502
5  Telephone:    (951) 686-1450
   Facsimile:    (951) 686-3083
6
7  Attorneys for Defendant
   CITY OF ALBANY

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 THE LIONS CLUB OF ALBANY,                Case No. 3:22-cv-05377-WHO
   CALIFORNIA, A Nonprofit Corporation,
12                                          **DEFENDANT CITY OF ALBANY'S**
                  Plaintiff,                **OPPOSITION TO PLAINTIFF'S (1)**
13                                          **APPLICATION TO TERMINATE**
           v.                               **COURT'S STAY, (2) APPLICATION**
14                                          **FOR TEMPORARY RESTRAINING**
   THE CITY OF ALBANY, a Charter City; and  **ORDER, AND (3) MOTION FOR**
15 DOES 1 through 25,                        **PRELIMINARY INJUNCTION**

16                Defendants.               Date:         March 8, 2023
                                            Time:         11:00 a.m.
17                                          Courtroom:    San Francisco
                                                          Courthouse, Courtroom
18                                                        12 – 19th Floor

19                                          Judge:        Hon. William H. Alsup
                                            Trial Date:   None Set
20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 5

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................... 6

    A.   The City Owns And Operates Albany Hill Park, Which Plaintiff's
       Easement Currently Encumbers ............................................................... 6

    B.   In Lions Club I, This Court Indicates, In Dictum, The Need For The City
       To Remedy Its Establishment Clause Violation For Having A Religious
       Symbol Prominently Displayed Upon A Public Park ................................ 8

    C.   Following This Court's Ruling In Lions Club I, The City Initiated Eminent
       Domain Proceedings Against Plaintiff ..................................................... 9

        1.   The City Appraises The Disputed Easement On The Subject
           Property And Provides The Plaintiff With A Government Code
           Offer Pursuant To The Eminent Domain Law ............................. 10

        2.   The City Conducts A Public Hearing To Consider The Evidence
           And Public Comment Regarding The Proposed Acquisition, And It
           Subsequently Adopts The Resolution Of Necessity Unanimously .......... 10

        3.   The State Court Grants The City's Motion For An Order For
           Prejudgment Possession .............................................................. 11

    D.   After Receiving The State Court's Adverse Ruling On The City's
       Prejudgment Possession Motion, The Plaintiff Decides To Forum Shop Its
       Claims In Federal Court Rather Than Seeking A Writ Or Filing An Appeal
       In State Court ......................................................................................... 13

    E.   The State Court Affirms Its Ruling, Granting the City Prejudgment
       Possession, And The Court Of Appeal Denies Plaintiff's Writ of Mandate
       and Accompanying Stay ......................................................................... 14

III.  ARGUMENT ...................................................................................................... 15

    A.   Without Offering Any New Law Or Facts, Plaintiff Is Seeking To Have
       This Court Reconsider Its Prior Decision Regarding Judge Chatterjee's
       Order Granting The City Prejudgment Possession ................................. 15

       Plaintiff is asking, again, this Court to sit in direct review of the state trial
         and appellate courts.  A temporary restraining order will prohibit
         the City from taking immediate possession of the land in Albany
         Hill Park, a right that both the state superior and appellate courts
         have found the City may possess.  At no point did Plaintiff take
         issue with Judge Alsup's November 17, 2022 Order when it was
         given.  Plaintiff did not request that this Court lift the stay or appeal
         this Court's Order to the Ninth Circuit.  Plaintiff is only now asking
         this Court to lift the stay because it, once again, did not receive a
         favorable outcome in the underling state court forums............................ 15

        1.   The Anti-Injunction Act Prohibits This Court From Interfering in
           the State Court Proceedings ........................................................ 16

    B.   Dismissal And/Or Abstention Is Warranted Under The Circumstances .............. 18

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

1.    The Court Should Abstain In Accordance With The Pullman
      Doctrine.................................................................................... 19

2.    Alternatively, The Colorado River Factors Weigh In Favor of
      Abstention.................................................................................. 21

C.    Plaintiff Cannot Establish the Requirements for a Temporary Restraining
      Order......................................................................................... 23

1.    Plaintiff is Unlikely to Succeed on the Merits ........................... 24

2.    Plaintiff Has Not And Cannot Demonstrate Irreparable Harm.......... 25

IV.   CONCLUSION ...................................................................................... 27

Best Best & Krieger LLP
Attorneys at Law
3390 University Avenue, 5th Floor
Riverside, California 92502

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

1

**TABLE OF AUTHORITIES**

2

**Pages**

3

**Federal Cases**

4

*Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*
5
    398 U.S. 281 (1970) ........................................................................................... 18, 19

6

*Attwood v. Mendocino Coast Dist. Hosp.*
    886 F.2d 241 (9th Cir. 1989) ................................................................................. 24
7

*Baca v. Moreno Valley Unified Sch. Dist.*
8
    936 F.Supp. 719 (C.D. Cal. 1996) ........................................................................ 24

9

*Beaty v. Brewer*
10
    649 F.3d 1071 (9th Cir. 2011) ............................................................................... 24

11

*Cedar Shake and Shingle Bureau v. City of Los Angeles*
    997 F.2d 620 (9th Cir. 1993) ................................................................................. 20
12

13

*Chick Kam Choo v. Exxon Corp.*
    486 U.S. 140 (1988) ......................................................................................... 18, 19
14

15

*City of Los Angeles v. Lyons*
    461 U.S. 95 (1983) ................................................................................................. 25

16

*Colorado River Water Conservation Dist. v. United States*
17
    424 U.S. 800 (1976) .................................................................................. 7, 20, 22, 24

18

*Employers Resource Management Co., Inc. v. Shannon*
    65 F.3d 1126 (4th Cir. 1995) ................................................................................. 18

19

20

*Herb Reed Enters., LLC v. Fla. Entertainment Management*
    736 F.3d 1239 (9th Cir. 2013) ............................................................................... 26

21

*In Defense of Animals v. U.S. Dept. of Interior*
    737 F.Supp.2d 1125 (E.D. Cal. 2010) .................................................................. 25
22

*Kim v. City of Belmont*
23
    2018 WL 500269 (N.D. Cal. 2018) ...................................................................... 25

24

*Lewis v. Casey*
25
    518 U.S. 343 (1996) ............................................................................................... 25

26

*Lions Club of Albany, California v. City of Albany*
    323 F.Supp.3d 1104 (N.D. Cal. 2018) ......................................................... *passim*

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

*Lions Club of Albany, California v. City of Albany*
788 F. App'x 428 (9th Cir. 2019) ............................................................. 10

*Long v. County of Los Angeles*
442 F.3d 1178 (9th Cir. 2006) ................................................................. 25

*Martingale LLC v. City of Louisville*
361 F.3d 297 (6th Cir. 2004) .................................................................. 18

*Marvin M. Brandt Revocable Tr. v. U.S.*
572 U.S. 93 (2014) ................................................................................ 27

*Mazurek v. Armstrong*
520 U.S. 968 (1997) .............................................................................. 25

*Mitchum v. Foster*
407 U.S. 22 (1972) .......................................................................... 18, 19

*Montanore Minerals Corp. v. Bakie*
867 F.3d 1160 (9th Cir. 2017) ..................................................... 22, 23, 24

*Pearl Invest. Co. v. City & County of San Francisco*
774 F.2d 1460 (9th Cir. 1985) ................................................................. 21

*R.R. Street & Co. v. Transport Ins. Co.*
656 F.3d 966 (9th Cir. 2011) .................................................................. 23

*Railroad Commission of Texas v. Pullman Co.*
312 U.S. 496 (1941) .................................................................. 7, 20, 21, 22

*San Remo Hotel v. City & County of San Francisco*
145 F.3d 1095 (9th Cir. 1998) ................................................................. 20

*Sederquist v. City of Tiburon*
590 F.2d 278 (9th Cir. 1978) .................................................................. 21

*Sierra Club v. U.S. Department of Energy*
825 F. Supp. 2d 142 (D.D.C. 2011) .......................................................... 27

*Sinclair Oil Corp. v. County of Santa Barbara*
96 F.3d 401 (9th Cir. 1996) .................................................................... 21

*Smith v. Bayer Corp.*
564 U.S. 299 (2011) .............................................................................. 18

*Vasquez v. Los Angeles County*
487 F.3d 1246 (9th Cir. 2007) ................................................................. 26

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

- 6 -

*VH Property Corp. v. City of Rancho Palos Verdes*
  622 F.Supp.2d 958 (C.D. Cal. 2009) ................................................................. 21

*Winter v. Nat. Res. Def. Council, Inc.*
  555 U.S. 7 (2008) .......................................................................................... 26

*Younger v. Harris*
  401 U.S. 37 (1971) ......................................................................................... 18

**State Cases**

*Israni v. Superior Court*
  88 Cal.App.4th 621 (2001) ......................................................................... 25, 27

*Mt. San Jacinto Community College Dist. v. Superior Court*
  40 Cal.4th 648 (2007) ................................................................................... 12

*People ex rel. Dep't Pub. Works v. Superior Court*
  68 Cal.2d 206 (1968) .................................................................................... 26

*York v. City of Los Angeles*
  33 Cal.App.5th 1178 (2019) ......................................................................... 23

**Federal Statutes**

28 U.S.C.A. § 2283 ........................................................................................ 17

42 U.S.C. § 1983 ............................................................................... 18, 19, 25

**State Statutes**

Cal. Civ. Proc. Code § 1240.680(a)(1) .......................................................... 26

Cal. Civ. Proc. Code § 1245.230 .................................................................. 11

Cal. Civ. Proc. Code § 1255.260 .................................................................. 12

Cal. Civ. Proc. Code § 1263.110 et seq. ....................................................... 12

California Code of Civil Procedure section 1240.030 ..................................... 14

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

1

I.      **INTRODUCTION**

2        "If the Lions Club disapproves of *any* ruling of Judge Chatterjee in the past *or future*, it

3   should take its disagreement to the California Court of Appeal."  (Prelim. Inj. Order, November 17,

4   2022, Dkt. 28, 5:18-19, emphasis added.)  The Lions Club of Albany, California ("Plaintiff") filed

5   this motion only after Judge Chatterjee issued yet another unfavorable decision in the underlying

6   eminent domain action that the City of Albany ("City") filed.  Here, the California Court of Appeal

7   also upheld Judge Chatterjee's decision.  Rather than pursuing the very claims being asserted here

8   in the eminent domain action through trial, Plaintiff once again is asking this Court to serve as a

9   secondary court of appeal to review Judge Chatterjee, and the California Court of Appeal's order

10  affirming the City's right to prejudgment possession of Plaintiff's easement interest in Albany Hill

11  Park, which the City owns and whereupon an electrically illuminated cross stands.  At this Court's

12  direction, the City filed a motion in the Alameda County Superior Court seeking to have Judge

13  Chatterjee affirm his original order granting the City prejudgment possession.  Judge Chatterjee

14  reviewed his prior order in light of this Court's November 17, 2022 Order and found anew that the

15  City was entitled to prejudgment possession of the subject property interest.  In response, Plaintiff

16  sought a *writ of mandamus* in the California Court of Appeal, which was promptly denied.

17       Rather than exploring additional avenues of appellate review in state court, or simply

18  litigating the issues in the trial court to adjudication, Plaintiff decided to forum-shop its claims in

19  federal court a second time.  This, even though there has been no change in the law or facts of the

20  case.  Indeed, the relief Plaintiff is currently seeking is identical to the preliminary injunction

21  motion the Court already ruled upon.  Dissatisfied with the outcome following the trial court's

22  decision, i.e., Judge Chatterjee affirming his prejudgment possession order, Plaintiff is essentially

23  asking this Court to reconsider its November 17, 2022 Order.  If Plaintiff disagreed with this Court's

24  decision, it was free to seek appellate review in the Ninth Circuit, which it did not do, choosing to

25  wait for Judge Chatterjee's ultimate decision instead.

26       In a blatant attempt to forum shop, cast doubt on the state and appellate court orders, and

27  have this Court act as a second layer of appeal for Judge Chatterjee and itself, Plaintiff is seeking

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

38159.03002\41061373.2

to have the City enjoined from immediately possessing the subject property interest. Plaintiff should not be permitted to turn to the federal courts each time it receives an unfavorable decision in state court.

If this Court deems it necessary to consider the merits of Plaintiff's moving papers, federal abstention is warranted under both the *Pullman* and *Colorado River* doctrines. Additionally, Plaintiff cannot establish the requirements for a temporary restraining order because the City has not deprived Plaintiff of its constitutional rights, Plaintiff cannot show irreparable harm, and Plaintiff cannot demonstrate a likelihood of success on the merits. Accordingly, the City respectfully requests that this Court deny Plaintiff's applications/motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The City Owns And Operates Albany Hill Park, Which Plaintiff's Easement Currently Encumbers

Plaintiff is a public service organization that Lions Clubs International chartered. (Complaint, ¶ 2.) Plaintiff is seeking damages and injunctive relief for the alleged acts the City committed under color of state law to deprive and interfere with its free speech and free exercise of religion rights and violation of the Establishment Clause. (*Id.* at ¶ 4.) Plaintiff's claims are being asserted against the City pursuant to United States Code sections 1983 and 1988. (*Id.*)

The relationship between Plaintiff, the City, and Albany Hill Park goes back decades, as do the many lawsuits involving them. In 1971, Plaintiff constructed a steel and Plexiglas cross on the real property that one of Plaintiff's former members owned. (*Id.* at ¶ 6.) This property eventually became known as Albany Hill Park, and the cross has been located there ever since. (*Id.*) The cross measures approximately 28 feet in height and 8 feet in width, and it sits atop a six-by-four-foot concrete base. (*Id.*) The cross is illuminated during the Christmas and Easter holidays. (*Id.* at ¶ 9.) Because of its size and location atop Albany Hill Park, many areas in the City and nearby Berkeley communities are able to view the cross on most days. (*Id*. at ¶ 6.)

At 338 feet above sea level, Albany Hill is the City's most iconic natural feature and an ecological icon for the community. (Declaration of Scott Ditfurth, October 7, 2022 ("Ditfurth

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

Decl."), ¶ 2, Exhibit A, Declaration of Jeff Bond ("Bond Decl."), ¶ 2.)[1]  Among other things, Albany Hill appears on the City seal.  (*Id.*)  The City has acquired most of the ridgeline and upper slopes, and it protects those areas as permanent open space.  (*Id.*)  In a recent survey of residents, Albany Hill was the fourth most visited public open space out of 13 facilities.  (*Id.*)  Albany Hill Park is also home to several plant communities.[2]  (*Id.*)  One of the City's stated objectives for Albany Hill Park is to manage vegetation on the hill to reduce fire hazards, restore native habitat, and provide appropriate levels of public access by maintaining and expanding the system of trails, including connections between Creekside Park and the neighborhoods on Albany Hill's perimeter. (*Id.*)

The City is now, and has been for some time, the fee owner of the real property (i.e., Albany Hill Park) on which the cross is located, more particularly described as Assessor Parcel Numbers 066-2754-14-05 and 066-2754-40-03 ("Subject Property").[3]  (Complaint, ¶ 19; Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 2.)  The City acquired the Subject Property on or about August 21, 1973, after it accepted a land donation from the corporation that purchased the Subject Property from Plaintiff's former member.  (*Id.*)  As part of the conveyance from Plaintiff's former member to the corporation, and, eventually, from the corporation to the City, the seller excepted from the sale an easement, in Plaintiff's favor, for ingress/egress over the Subject Property to maintain the cross on Albany Hill Park.  (Complaint, ¶ 16.)  This complex transaction involving Plaintiff, its former

---

[1] With these moving papers, the City is referencing the documents and Declarations of Scott Ditfurth and Jeff Bond (as attached to the Ditfurth Declaration) filed with this Court on October 7, 2022 in relation to Plaintiff's first request for a preliminary injunction.

[2] Coast live oak woodland occurs on the northern and eastern slopes of the Hill, and along the banks of the City's creeks.  (*Id.*)  Coast live oaks dominate the canopy in these areas, with other species such as bigleaf maple, arroyo willow, California bay, California buckeye, and coast redwood present.  (*Id.*)  Eucalyptus groves dominate the ridgeline and western slopes.  (*Id.*)  Several significant plants on the East Bay California Native Plant Society's watch list are found on Albany Hill, including red fescue, big squirrel tail grass, gumplant, golden aster, California Melic grass, purple needlegrass, and marsh bristlegrass.  (*Id.*)  The eucalyptus groves on Albany Hill have sheltered roosting Monarch Butterflies.  (*Id.*)

[3] The Subject Property's legal definitions, descriptions, and depictions are more fully set forth in the City's Complaint in Eminent Domain.  (Ditfurth Decl., ¶ 3, Exhibit B, Complaint in Eminent Domain.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

member, the corporation, and the City, among others, resulted in a series of lawsuits concerning the Subject Property.  (Complaint, ¶ 19; Ditfurth Decl., ¶ 2, Exhibit C, *Lions Club of Albany, California v. City of Albany*, 323 F.Supp.3d 1104 (N.D. Cal. 2018) ("*Lions Club I*") (summarizing history of the litigation.)

> B.   **In *Lions Club I*, This Court Indicates, In *Dictum*, The Need For The City To Remedy Its Establishment Clause Violation For Having A Religious Symbol Prominently Displayed Upon A Public Park**

On September 11, 2017, Plaintiff filed an action in this court against the City for alleged violations of the First and Fourteenth Amendments.  (Complaint, ¶¶ 26-29, 35; Ditfurth Decl., ¶ 4, Exhibit C, *Lions Club I*, 6:14-22.)  In *Lions Club I*, Plaintiff alleged the City ordered the Pacific Gas and Electric Company to shut down power to the cross for 106 days.  (*Id.*)  Plaintiff alleged this decision was part of a continued campaign to harass it even though the City had legitimate safety concerns in carrying out that decision, including the ongoing fire hazard to the public.  (*Id.*)  The City thereafter filed a Cross-Complaint against Plaintiff for Quiet Title, Trespassing, Nuisance, and Declaratory relief.  (Complaint, ¶ 37.)

The parties eventually filed dueling summary judgment motions, which this Court, granted in part, and denied in part.  (Ditfurth Decl., ¶ 4, Exhibit C.)  In so doing, this Court stated, in no uncertain terms, that "The City Must Remedy Its First Amendment Violation."  (*Id.* at 15:18-16:7.)  This Court also stated, in *dictum*, that **"the public park with the cross violates the Establishment Clause" and that the "land cannot continue as a public park with the cross on it."**  (*Id.* at 9:24-25, 14:20-22, emphasis added.)  As such, this Court identified three possible choices for the City to overcome this critical issue.  First, the City could sell the portion of the Subject Property to a private owner where the easement and cross are located.[4]  (*Id.* at 15:19-20.)  Second, the City could

---

[4] As noted in Plaintiff's opposition papers to the City's prejudgment possession motion and again at oral argument, Plaintiff continues to stress that because of this available option, the City should not exercise its eminent domain power at all.  Plaintiff, however, has failed to cite any authority whatsoever that would otherwise compel the City to sell the property in dispute instead of condemning it.  Indeed, as the fee owner of the Subject Property, the City is free to use its property as it sees fit.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

condemn the easement through its eminent domain power.  (*Id.* at 15:20-21.)  Third, the City could adopt a zoning ordinance to ban all religious symbols from its public spaces.  (*Id.* at 15:21-22.)  The Ninth Circuit affirmed this Court's order.  *Lions Club of Albany, California v. City of Albany*, 788 F. App'x 428 (9th Cir. 2019).  After careful consideration, the City decided to explore condemning Plaintiff's easement interest in the Subject Property, just as this Court suggested it do.

**C.      Following This Court's Ruling In *Lions Club I*, The City Initiated Eminent Domain Proceedings Against Plaintiff**

By way of its Complaint in Eminent Domain, the City seeks to unencumber the Subject Property from Plaintiff's easement.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 4.)  The City's proposed acquisition, including removal of the cross, is (1) for the public purposes and necessity of enabling the public to more fully use and enjoy Albany Hill Park as an open space without the encumbrance, and (2) to avoid any potential Establishment Clause issue arising from Plaintiff maintaining the cross.  (*Id.*; Ditfurth Decl., ¶ 4, Exhibit C, *Lions Club I*, 15:18-16:7 (finding that the City must address the cross in Albany Hill Park due to the First Amendment).)  Because of the very purpose for which the City seeks to exercise its power of eminent domain, there is no other interest in land that the City could use or acquire to remove the encumbrance on its fee interest and to avoid an Establishment Clause issue arising from Plaintiff's religious display at Albany Hill Park.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 4.)

Generally, to exercise its eminent domain power, a public agency must formally appraise the property or property interests that are sought to be acquired and make an offer to the property owner for a value that is no less than the appraised amount.  If the property owner rejects the public agency's offer, or the parties are unable to negotiate a mutually acceptable purchase price, the public agency must hold and duly notice a Resolution of Necessity hearing, at which point the affected property owner has the right to be heard on the issues that the public agency's governing board is considering, which are as follows: (1) the public interest and necessity require the proposed project; (2) the proposed project is planned or located in the manner that will be most compatible with the greatest public good and the least private injury; (3) the property is necessary for the

Best Best & Krieger LLP
Attorneys at Law
3390 University Avenue, 5th Floor
Riverside, California 92502

proposed project; and (4) the offer to purchase the property was made to the property owner for no less than the appraised amount.  Cal. Civ. Proc. Code § 1245.230.  Here, the City followed each of these steps as California's Eminent Domain Law requires.

### 1. The City Appraises The Disputed Easement On The Subject Property And Provides The Plaintiff With A Government Code Offer Pursuant To The Eminent Domain Law

The City appraised the Plaintiff's easement as determined by an independent and licensed appraiser.  (Complaint, ¶ 44.)  The City provided a copy of this appraisal to Plaintiff in a letter dated November 12, 2021, in which the City offered to purchase Plaintiff's easement interest for $500,000.  (Complaint, ¶ 44; Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 6, Exhibit A.)  As of the time the City filed its Complaint in Eminent Domain, Plaintiff had not indicated whether it would accept the City's offer.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 6.)

### 2. The City Conducts A Public Hearing To Consider The Evidence And Public Comment Regarding The Proposed Acquisition, And It Subsequently Adopts The Resolution Of Necessity Unanimously

The City duly noticed a public hearing for April 4, 2022, to consider whether a Resolution of Necessity should be adopted, and it subsequently conducted the hearing as scheduled on that date.[5]  (Complaint, ¶¶ 45-51; Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶¶ 7-11, Exhibits B-C.) Plaintiff provided advance notice that it intended to appear at the hearing, and it voiced its objection to the proposed Resolution of Necessity.  (*Id.*)  At the hearing, the City Council heard from, among others, Plaintiff and its representatives as well as a number of individuals who disagreed with them. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 8.)  Indeed, numerous members of the public voiced their distaste of Plaintiff maintaining a cross on the Subject Property and forcing the City to pay taxpayer money to have it removed.  Ultimately, having considered all comments and information

---

[5] City Council meeting agendas (in HTML and PDF format) along with video recordings of meetings are also available online at:  https://www.albanyca.org/our-city/kalb-community-media/city-council-video-and-agendas.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

presented, the City Council unanimously adopted Resolution Number 2022-32, a Resolution of Necessity declaring the necessity of acquiring Plaintiff's easement across Albany Hill Park, and removing the cross itself, for the public purposes of unencumbering Albany Hill Park and the potential Establishment Clause issue that Judge Alsup previously identified in *Lions Club I*. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 8, Exhibit B, Resolution No. 2022-32.)

### 3.   The State Court Grants The City's Motion For An Order For Prejudgment Possession

On May 4, 2022, the City filed its Complaint in Eminent Domain in the Alameda County Superior Court, styled as *City of Albany v. Albany Lions Club, Lions International, et al.*, and bearing case number 22CV010822 ("*Lions Club II*" or "State Court Action").   The City filed a Motion for Prejudgment Possession of Plaintiff's easement two days later, and it deposited $500,000 in the State of California Condemnation Deposits Fund for withdrawal by Plaintiff as probable just compensation for the easement.[6]   (Complaint, ¶ 59; Ditfurth Decl., ¶ 5, Exhibit D, Motion for Prejudgment Possession and Reply Brief; Ditfurth Decl., ¶ 6, Exhibit E, Notice of Deposit of Probable Just Compensation.)   Plaintiff opposed the Motion for Prejudgment Possession, raising similar, if not the identical, arguments, positions, and claims being asserted in this current federal lawsuit, i.e., *Lions Club III*.   (Complaint, ¶ 61; Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition to Motion for Prejudgment Possession.)   On August 30, 2022, Judge Chatterjee granted the City's Motion for Prejudgment Possession, and in the event the City decided to remove the cross, he ordered the City to preserve the cross in a safe location pending trial and final judgment in the State Court Action.   (Ditfurth Decl., ¶ 8, Exhibit G, Prejudgment Possession

---

[6] The immediate possession procedure is sometimes referred to as a "quick-take" eminent domain action. *Mt. San Jacinto Community College Dist. v. Superior Court*, 40 Cal.4th 648, 653 (2007). "Because compensation is immediately available to the property owner in a quick-take action, the date of valuation of the property is statutorily required to be no later than the date the condemner deposits 'probable compensation' for the owner." *Id.*; Cal. Civ. Proc. Code § 1263.110 et seq.   The deposited money earns statutory interest until it is withdrawn, which the property owner may do immediately. *Id.*   Doing so, however, waives the property owner's right to dispute the taking, i.e., to assert a right-to-take challenge, other than the right to challenge the amount of just compensation. *Id.*; Cal. Civ. Proc. Code § 1255.260.

Best Best & Krieger LLP
Attorneys at Law
3390 University Avenue, 5th Floor
Riverside, California 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

Order.)  In doing so, the Court in *Lions Club II* considered the issues below that Plaintiff raised, and raised again here, namely:

- The City "has no project to build."  (Ditfurth Decl., ¶ 7, Exhibit F, Plaintiff's Opposition, 1:27-28.)

- The City's "so-called 'project' is a possible Establishment Clause violation and its alleged need to get fee simple title to a few lots which are subject to [Plaintiff's] easement to maintain the cross."  (*Id.* at 1:28-2:2)

- Plaintiff "will suffer substantial hardship if the Order for Possession is granted.  If the Order is granted the City will remove the cross.  [Plaintiff] will be unable to light the cross at Christmas and will be unable to hold its Easter service."  (*Id.* at 2:14-16.)

- If the requested order is granted, Plaintiff "will be required to obtain a permit from the City to restore the cross.  Assuming the permit is granted, [Plaintiff] will need to hire a contractor to construct and install a new cross.  All this will cost time and money."  (*Id.* at 2:16-20.)

- The City's underlying Resolution of Necessity is not entitled to a conclusive presumption of validity.  (*Id.* at 4:1-12.)

- "The City has failed to establish an overriding need for prejudgment possession and failed to establish [it] will suffer a substantial hardship if possession is denied."  (*Id.* at 4:13-6:4.)

- Plaintiff "will suffer significant and permanent hardship if the cross is removed."  (*Id.* at 6:3-13.)

- The City failed to establish facts necessitating the exercise of eminent domain, and neither the public interest, the necessity, nor the easement sought to be acquired are necessary for any project.  (*Id.* at 6:14-22.)

- The City's decision to adopt the challenged Resolution of Necessity was a gross abuse of discretion, and there is no public need to condemn Plaintiff's easement

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

1    interest in the Subject Property.  (*Id.* at 7:2-10:7.)

2    •   The City is depriving Plaintiff of, and interfering with, its free speech and free

3        exercise of religion rights under the First Amendment and violating the

4        Establishment Clause.

5    Ultimately, Judge Chatterjee found that the City satisfied each of the four statutory elements

6    for obtaining an order for prejudgment possession, and the City is entitled to a conclusive

7    presumption that the requirements for exercising its eminent domain power have been established

8    under California Code of Civil Procedure section 1240.030.  (Ditfurth Decl., ¶ 8, Exhibit G,

9    Prejudgment Possession Order.)  Critically, Judge Chatterjee determined that ordering prejudgment

10   possession does not preclude Plaintiff from asserting any right-to-take challenge at trial.  (*Id.*

11   (explaining that "[t]he City is correct that [Plaintiff] conflates the prerequisites for an order of

12   prejudgment possession under [Code of Civil Procedure section] 1255.410 with the merits of an

13   eminent domain right to take trial under Code of Civil Procedure [section] 1260.120.").)   In

14   reaching its decision, the court cited the Legislative Committee Comment following Code of Civil

15   Procedure section 1255.410, which provides as follows:

16       It should be noted that the determination of the plaintiff's right to
         take the property by eminent domain is preliminary only.  The
17       granting of an order for possession does not prejudice the defendant's
         right to demur to the complaint or to contest the taking.  Conversely,
18       the denial of an order for possession does not require a dismissal of
         the proceeding and does not prejudice the plaintiff's right to fully
19       litigate the issue if raised by the defendant.

20   Indeed, Plaintiff is challenging the City's right to take the subject easement interest, alleging

21   all the same arguments raised in the instant action.  Plaintiff's current action is nothing more than

22   an attempt to have the State Court's decision overruled after receiving an unfavorable decision.

23   Plaintiff should not be permitted to forum shop its claims to overrule the State Court's previous

24   decisions.

25   **D.**      **After Receiving The State Court's Adverse Ruling On The City's Prejudgment**

26           **Possession Motion, The Plaintiff Decides To Forum Shop Its Claims In Federal**

27           **Court Rather Than Seeking A Writ Or Filing An Appeal In State Court**

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1    Plaintiff filed the complaint in this action and Motion for Preliminary Injunction on

2   September 21, 2022 and September 23, 2022, respectively.  Plaintiff decided to pursue its claims

3   in this court only after it suffered what it perceived as a procedural setback in the City's eminent

4   domain proceedings.  Rather than pursuing the very claims being asserted in the eminent domain

5   action through trial, Plaintiff asked this Court to serve as a *de facto* court of appeal to review Judge

6   Chatterjee's order granting the City prejudgment possession of Plaintiff's easement interest in

7   Albany Hill Park.  Dissatisfied with the ruling in the State Court Action, Plaintiff did not seek a

8   writ, but rather Plaintiff sought damages and injunctive relief in the instant action based upon the

9   same set of facts and circumstances, not to mention identical legal positions, in the City's eminent

10   domain action.

11    After fully briefing the preliminary injunction motion and allowing oral argument, this

12   Court stayed this action, as the City had urged it to do in its opposition papers, and granted the

13   preliminary injunction, only in part.  (Prelim. Inj. Order, November 17, 2022, Dkt. 28 ("Until Judge

14   Chatterjee issues his new ruling on prejudgment possession, removal of the cross is Enjoined, but

15   once he rules anew, this injunction shall automatically end.").)  This Court's order recognized that

16   the June 2018 order in *Lions Club I* suggested three ways in which the City could cure its

17   Establishment Clause violation, i.e., to sell the real property to a private party, condemn it, or adopt

18   a zoning ordinance to ban all religious symbols from public spaces.  (*Id.* at 3:24-4:4.)  Judge Alsup

19   identified this language in the June 2018 order as *dictum* and stated that he did not *order* any of

20   these three options in particular.  (*Id.* at 4:5-10.)  The City subsequently moved the state court for

21   an order to affirm the underlying prejudgment possession order because it satisfies all the

22   procedural and statutory requirements for doing so.

23    **E.    The State Court Affirms Its Ruling, Granting the City Prejudgment Possession,**

24       **And The Court Of Appeal Denies Plaintiff's Writ of Mandate and**

25       **Accompanying Stay**

26    On December 8, 2022, the City filed its motion to affirm Judge Chatterjee's prejudgment

27   possession order.  After fully briefing the motion and allowing a second round of oral argument,

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

Judge Chatterjee affirmed his prior order on January 28, 2022 granting the City prejudgment possession.  In his order, Judge Chatterjee noted specifically that he reviewed and considered Judge Alsup's November 17, 2022 Order, as requested, and that he nevertheless found that "affirming its August 30, 2022, Order is appropriate."  (Declaration of Robert E. Nichols ("Nichols Declaration"), February 27, 2023, Dkt. 30-2, ¶ 7, Exhibit 1, Judge Chatterjee's January 30, 2022 Order.)  Further, Judge Chatterjee recognized that it did not find that the decision in *Lions Club I* "ordered the City of Albany to condemn the property…and [it] does not and did not dispute that the federal court's three suggestions on how to cure the problem in [*Lions Club I*] were dicta."  (*Id.*).  During the hearing on the Motion to Affirm, Judge Chatterjee also stated that he does not dispute that Judge Alsup's three options were dicta.

On February 22, 2023, Plaintiff filed a petition for writ of mandate in the California Court of Appeals requesting that the court stay the order of prejudgment possession.  The appellate court denied the petition for writ of mandate and accompanying stay on February 24, 2023, stating that the petition's timeliness is not adequately briefed.  (Nichols Declaration, February 27, 2023, Dkt. 30-2, ¶¶ 9-10, Exhibits 2-3, Writ Petition and Court of Appeal Order.)  Days later, Plaintiff filed the instant applications/motion in direct contravention of this Court's ruling that Plaintiff must take any past or future disagreements with Judge Chatterjee to the California Court of Appeal.

III.    **ARGUMENT**

A.    <u>**Without Offering Any New Law Or Facts, Plaintiff Is Seeking To Have This Court Reconsider Its Prior Decision Regarding Judge Chatterjee's Order Granting The City Prejudgment Possession**</u>

Plaintiff is asking, again, this Court to sit in direct review of the state trial and appellate courts.  A temporary restraining order will prohibit the City from taking immediate possession of the land in Albany Hill Park, a right that both the state superior and appellate courts have found the City may possess.  At no point did Plaintiff take issue with Judge Alsup's November 17, 2022 Order when it was given.  Plaintiff did not request that this Court lift the stay or appeal this Court's Order to the Ninth Circuit.  Plaintiff is only now asking this Court to lift the stay because it, once

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

1    again, did not receive a favorable outcome in the underling state court forums.

2          In its November 17, 2022 Order, this Court advised the parties that they should take the

3    clarification regarding dicta in the court's *Lions Club III* order back to Judge Chatterjee and

4    suggested that Judge Chatterjee "balance the hardships under state law, taking into account the

5    establishment of religion on the one hand versus exercise of religion on the other, and keeping in

6    mind the distinct risk that once the cross is down, even 'temporarily,' it is down forever." (Nichols

7    Declaration, February 27, 2023, Dkt. 30-2, ¶ 7, Exhibit 1, Judge Chatterjee's January 30, 2022

8    Order.)  The City did just that, and once again, Judge Chatterjee found that the City was entitled to

9    prejudgment possession, specifically stating that he has reviewed and considered Judge Alsup's

10   November 17, 2022 Order as directed.  (*Id.*)

11         This Court has already recognized that it is not to act as an appeals court, specifically stating

12   "If the Lions Club disapproves of any ruling of Judge Chatterjee in the past or future, it should take

13   its disagreement to the California Court of Appeal."  (*Id.*)  Even though Plaintiff filed a writ, it

14   could have sought further appellate review or allow the eminent domain action to proceed to trial.

15   If the eminent domain trial results in an unfavorable outcome, Plaintiff is free to seek additional

16   appellate review.  Instead, Plaintiff, disapproving of Judge Chatterjee's ruling on the City's motion

17   to affirm the prejudgment possession order, has asked this Court to prohibit the City from obtaining

18   immediate possession of the subject property, effectively seeking to reverse Judge Chatterjee's and

19   the appellate court's rulings.  Plaintiff has failed to demonstrate that it has the authority to have a

20   federal court serve as a state appeals court and make requests that directly contradict and undermine

21   Judge Chatterjee's jurisdiction over the matter.

22         **1.      The Anti-Injunction Act Prohibits This Court From Interfering in the**
              **State Court Proceedings**
23

24         The Anti-Injunction Act prohibits this Court from interfering with the proceedings in the

25   state court.  28 U.S.C.A. § 2283.  The Anti-Injunction Act provides that "[a] court of the United

26   States may not grant an injunction to stay proceedings in a State court except as expressly

27   authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

effectuate its judgments." *Id.*  Since this prohibition "in part rests on the fundamental constitutional independence of the States and their courts," the exceptions are narrow and "should not be enlarged by loose statutory construction." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970).  Furthermore, any doubt as to the "propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* at 297; *Martingale LLC v. City of Louisville*, 361 F.3d 297, 303 (6th Cir. 2004) (explaining that it is proper for state courts to resolve proceedings in which preemptive federal issues are present); *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1129-1130 (4th Cir. 1995) (noting that it was immaterial that federal law preempts the state court claim).

The Anti-Injunction Act affords lower federal courts limited power over state courts, but notably, the federal courts are not and have not been given any power to "sit in direct review of state court decisions." *Atlantic Coast Line R. Co.*, *supra*, 398 U.S. at 296.  Premised on the "fundamental principle of a dual system of courts," and "fundamental constitutional independence of the States," the Anti-Injunction Act represents a policy under which state proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme Court]." *Id.* at 287, 296; *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).  The Anti-Injunction Act's "core message is one of respect for state courts," and "broadly commands that those tribunals 'shall remain free from interference by federal courts.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011), quoting *Atlantic Coast Line R. Co.*, *supra*, 398 U.S. at 282; *see Younger v. Harris*, 401 U.S. 37, 43 (1971) (noting that "[s]ince the beginning of this country's history Congress has…manifested a desire to permit state courts to try cases free from interference by federal courts.").

To the extent the Anti-Injunction Act does not apply to actions brought pursuant to the federal rights statute, i.e., 42 U.S.C. § 1983, federal courts are free to consider notions of equity and principles of federalism before deciding to issue an injunction to stay state court proceedings.  The court in *Mitchum v. Foster* simply found that the court is not "absolutely without power" in a

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

section 1983 action to enjoin a state court proceeding. *Mitchum v. Foster*, 407 U.S. 22, 243 (1972). The *Mitchum* court further stated that its decision does nothing to "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state proceeding." *Id.* at 243. Notably, the *Mitchum* court did not reach or decide "exactly how great a restraint is imposed by these principles on a federal court asked to enjoin state civil proceedings." *Id.* at 244 (Berger, J., concurring).

Plaintiff's request for a temporary restraining order prohibiting the City from "taking any further steps to take the Albany Lions Club's easement or remove the cross by eminent domain" (Plaintiff's Pending Motion, February 27, 2023, Dkt. 30-1, p. 13.) is, in effect, a request that this Court stay the proceedings in the Alameda County Superior Court. Judge Chatterjee has now granted the City prejudgment possession on two different occasions, and following the March 3, 2023 expiration of the stay issued by the state court, the City has the right to possess the land and remove the cross. However, if this Court entertains Plaintiff's request and grants the temporary restraining order, it will effectively stay the rulings Judge Chatterjee made because it will stop the City from exercising its eminent domain power to remove the cross. Thus, it is improper for this Court to grant Plaintiff's request for a temporary restraining order under the Anti-Injunction Act.

Furthermore, this Court should consider notions of equity and principles of federalism before deciding whether to intervene in the state court proceedings. The structure of the court systems clearly provide that any challenge to state court actions should be appealed through the California Appeals Court, the California Supreme Court, and ultimately, the Supreme Court of the United States. *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970); *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Principles of federalism do not provide for any opportunity for a Federal District Court to sit in direct review of a state superior or appellate court. This Court should let the state court proceedings play out through the proper appellate channels, rather than acting as an appellate court itself.

### B. Dismissal And/Or Abstention Is Warranted Under The Circumstances

As this Court has already acknowledged when it stayed this matter, this Court should abstain

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

from issuing a ruling in this case under both the *Pullman* and *Colorado River* abstention doctrines. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941) ("*Pullman*"); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"). *Pullman* abstention should be exercised because eminent domain and, similarly, land use regulation are sensitive areas of public policy that are best left to the states to address. *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095 (9th Cir. 1998). *Colorado River* abstention should be exercised where there is a pending state action arising out of the same controversy, based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River, supra,* 424 U.S. at 817.

### 1. The Court Should Abstain In Accordance With The *Pullman* Doctrine

A district court may abstain from exercising its jurisdiction under *Pullman* when three factors exist: "(1) the complaint must involve a 'sensitive area of social policy' that is best left to the states to address; (2) 'a definitive ruling on the state issues by a state court could obviate the need for federal constitutional adjudication by the federal court'; and (3) 'the proper resolution of the potentially determinative state law issue is uncertain.'" *Cedar Shake and Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir. 1993) ("*Cedar Shake*"). All three factors are satisfied here.

Regarding the first factor, the Ninth Circuit has "consistently held that land use planning is a sensitive area of social policy that meets the first requirement for *Pullman* abstention." *San Remo Hotel*, 145 F.3d at 1105 (remanding with instructions to abstain under *Pullman* at p. 1106); *see also, e.g., Columbia Basin,* 268 F.3d at 802 ("[w]e often have held that land-use planning questions 'touch a sensitive area of social policy' into which the federal courts should not lightly intrude"). Here, the California and United States Constitution give the government authority to take private property for public use so long as just compensation is paid. One of the City's stated reasons to conduct eminent domain, which Plaintiff completely and consistently ignores, was so the City could provide an unencumbered park to its residents. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 8, Exhibit B, Resolution No. 2022-32.) The City's decision to plan for development of its own land,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

of which the City is the fee owner, is similar to general plans individual cities have adopted, challenges to which have been held to be subject to *Pullman* abstention. *E.g.*, *Sederquist v. City of Tiburon*, 590 F.2d 278, 282 (9th Cir. 1978) (takings challenge to city's adoption of a general plan that included plaintiffs' access road in the plan's open space element).

As for the second factor, the State Court Action may render Plaintiff's federal constitutional claim moot or, at the very least, present it in a different posture. *Pullman* abstention does not require that a ruling on the state issue by a state court could moot the federal constitutional issue. It is enough that a ruling on the state issue by a state court could result in the federal constitutional issue being "presented in a different posture." *See C-Y Development*, 703 F.2d at 380 ("Although abstention in this case may not obviate the need to decide all the federal constitutional questions, it will substantially reduce the contours of such adjudication and place it in a different posture"); *see also Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996) ("*Sinclair Oil*") ("For *Pullman* purposes, though, it is sufficient if the state law issues might 'narrow' the federal constitutional questions.").

Here, if Plaintiff were to prevail on its right-to-take challenge, it would no longer be compelled to remove the cross from Albany Hill Park. Without being forced to remove the cross under the City's power of eminent domain, the complained of constitutional harms in this federal lawsuit would be moot. Moreover, if Plaintiff were to lose on its right-to-take challenge, that could present Plaintiff's current claims in a different posture, as Plaintiff would somehow need to show it can overcome a valid Resolution of Necessity to acquire the Subject Property. Thus, the second criterion for *Pullman* abstention is met.

The third *Pullman* factor likewise favors abstention. Uncertainty exists when a federal court cannot predict with confidence how a state court would decide an issue of state law. *Pearl Invest. Co. v. City & County of San Francisco,* 774 F.2d 1460, 1465 (9th Cir. 1985); *VH Property Corp. v. City of Rancho Palos Verdes,* 622 F.Supp.2d 958, 964 (C.D. Cal. 2009) (requiring "only a minimal showing of uncertainty to satisfy the third *Pullman* factor in land use cases."). Uncertainty exists here because the City does not know how the court in the State Court Action is going to

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

resolve the constitutional underpinnings of Plaintiff's right-to-take challenge.  Thus, the third *Pullman* factor is satisfied because a prediction cannot be made with confidence that a state court would interpret the City's Resolution of Necessity in the way Plaintiff seeks.

### 2.    Alternatively, The *Colorado River* Factors Weigh In Favor of Abstention

In determining whether the court should abstain under *Colorado River* abstention, the court considers eight factors:  "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court."  *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017) ("*Montanore*") (reversing trial court order refusing to abstain, and directing trial court to abstain under *Colorado River*).

#### a.    *"which court first assumed jurisdiction over any property at stake"*

The State Court Action was filed first pursuant to the City's Complaint in Eminent Domain, and Plaintiff's subsequent right-to-take challenge, which weighs in favor of abstention.  There is a risk of inconsistent rulings, since Plaintiff is making the same arguments there as it is here, as the State Court Action could result in the City condemning Plaintiff's easement interest while this Court may determine that such action violates Plaintiff's First Amendment rights.

#### b.    *"inconvenience of the federal forum"*

While both the federal and state courthouses are in the San Francisco Bay Area, the matter pending in the State Court Action is closer to the City, Albany Hill Park, and potential witnesses.

#### c.    *"the desire to avoid piecemeal litigation"*

Plaintiff's federal court action has resulted in piecemeal litigation and was filed with the singular goal of defeating the City's effort to condemn Plaintiff's easement on the Subject Property.  It does not promote "conservation of judicial resources and comprehensive disposition of litigation

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

1    to have a federal court adjudicate rights that [are] implicated in a vastly more comprehensive state

2    action." *Montanore,* 867 F.3d at 1167 (internal quotation marks and citations omitted).

3                    **d.    *"the order in which the forums obtained jurisdiction"***

4          The City's State Court Action was filed first, and Plaintiff did not decide to avail itself to

5    the federal court until after it received an adverse ruling granting the City prejudgment possession

6    of Plaintiff's easement.  Rendering the decision to grant the City's prejudgment possession motion

7    demonstrates that the State Court Action has already made substantial progress.  *See R.R. Street &*

8    *Co. v. Transport Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011) (the state court made "significant

9    progress" in the lawsuit, having already "conducted discovery, initiated a phased approach to the

10   litigation and issued an order concerning foundational legal matters").

11                   **e.    *"whether federal law or state law provides the rule of decision on***

12                          ***the merits"***

13         "The fact that state law provides the rule of decision on the merits in a case may favor a

14   stay, but only when the state law questions are themselves complex and difficult issues better

15   resolved by a state court."  *Montanore,* 867 F.3d at 1168 (internal quotation marks omitted).  At

16   their core, Plaintiff's contentions against the City's proposed course of action is that its Resolution

17   of Necessity is invalid for reasons provided under state law.

18                   **f.    *"whether the state court proceedings can adequately protect the***

19                          ***rights of the federal litigants"***

20         There is no doubt that California state courts have authority to adjudicate eminent domain

21   and similar constitutional matters, and thus the State Court Action can adequately protect the rights

22   of the federal litigants.  *See Montanore,* 867 F.3d at 1169 (state court proceeding adequate even

23   though state court refused to consider an alleged "Federal Land Policy Management Act defect"

24   when considering the validity of unpatented mining claims); *York v. City of Los Angeles*, 33

25   Cal.App.5th 1178, 1193 (2019) (state court adjudicating causes of action for inverse condemnation

26   and violation of civil rights, both of which were premised on an alleged regulatory taking).

27                   **g.    *"the desire to avoid forum shopping"***

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1   "*Colorado River* helps combat forum-shopping by providing a mechanism for avoiding

2   duplicative litigation." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 245 (9th Cir. 1989).

3   Plaintiff filed the instant federal action only after it received an adverse ruling in the State Court

4   Action.  Indeed, without even a final appealable order in the State Court Action, Plaintiff is seeking

5   another bite of the appeal.  Rather than allowing proceeding to a right-to-take trial, Plaintiff decided

6   to file this lawsuit as a second layer of appeal of the State Court Action's order affirming the City's

7   motion for prejudgment possession.

8            **h.**      ***"whether the state court proceedings will resolve all issues before***

9                        ***the federal court"***

10           Regarding the last factor, whether the state court proceedings will resolve the federal action,

11   "[w]e do not require 'exact parallelism' under this factor; it is sufficient if the proceedings are

12   'substantially similar.'" *Montanore,* 867 F.3d at 1170 (internal quotation marks omitted).

13   "Moreover, we are particularly reluctant to find that the actions are not parallel when the federal

14   action is but a 'spin-off' of more comprehensive state litigation." *Id.* (internal quotation marks

15   omitted).  The federal and state court actions allege the same nucleus of facts: the City is violating

16   Plaintiff's constitutional rights by exercising the power of eminent domain to condemn an easement

17   that has a religious symbol.  Both complaints "attempt to accomplish the same goal" [*Montanore,*

18   867 F.3d at 1170], i.e., a judicial determination that the City's condemnation action violates the

19   United States Constitution.

20           **C.**      <u>**Plaintiff Cannot Establish the Requirements for a Temporary Restraining**</u>

21                        <u>**Order**</u>

22           To obtain the requested temporary restraining order, Plaintiff must demonstrate that: (1) it

23   is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent an injunction;

24   (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  (*Id.* at 20;

25   *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011).  As the moving party, Plaintiff has the burden

26   of proof on all four elements.  *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F.Supp. 719, 726

27   (C.D. Cal. 1996).  Unless the moving party is able to carry the burden of persuasion, by a clear

28

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

showing, the request for a temporary restraining order should be denied. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Plaintiff has the burden of proving the propriety of such an extraordinary and drastic remedy by clear and convincing evidence. *In Defense of Animals v. U.S. Dept. of Interior*, 737 F.Supp.2d 1125, 1131 (E.D. Cal. 2010).

Where an injunction is sought against the government's actions, a higher showing is required on the claimed harm's imminence. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also Kim v. City of Belmont*, 2018 WL 500269, at *14 (N.D. Cal. 2018) ("The Court has held that recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers ... in the absence of irreparable injury which is both great and immediate."). The Separation of Powers Doctrine also counsels against issuing injunctions intended to control a public entity. *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996). As set forth in the sections that follow, Plaintiff cannot demonstrate the perquisites for a preliminary injunction.

### 1.  <u>Plaintiff is Unlikely to Succeed on the Merits</u>

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). It is not disputed that the action occurred under color of state law because the City initiated its lawsuit to acquire the property at Albany Hill Park under its eminent domain power in the United States and California Constitutions. However, Plaintiff cannot adequately allege the requirements for a valid section 1983 action because the City's action did not result in the deprivation of Plaintiff's constitutional rights.

First, the City has a legitimate reason to condemn the subject property and is neither temporarily nor permanently depriving Plaintiff's first amendment right to exercise religion freely. A resolution of necessity may be considered sufficient evidence of a public entity's urgent need to obtain possession. *Israni v. Superior Court*, 88 Cal.App.4th 621, 640 (2001). Only in rare instances will courts disturb a legislative or administrative declaration, such as a resolution of necessity, that

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

the particular use is public or necessary.  *See*, *People ex rel. Dep't Pub. Works v. Superior Court*, 68 Cal.2d 206 (1968).

The City owns the property that is the subject matter of this eminent domain action.  Plaintiff has a limited easement over the property for ingress and egress to maintain a cross situated on the property.  The City proposes a project required by public interest and necessity because the City seeks to acquire the easement to unencumber public land and avoid any potential violation of the Establishment Clause arising from Plaintiff's display of a cross in the park.  (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶¶ 2–4; see Cal. Civ. Proc. Code § 1240.680(a)(1) ("property is presumed to have been appropriated for the best and most necessary public use if the property is appropriated to public use as…a city park…."); see also *Lions Club of Albany, California v. City of Albany*, 323 F.Supp.3d 1104, 1117 (N.D. Cal. 2018).  Here, the property is already being utilized as public space.  Accordingly, the City's intended use is presumed to be the best and most necessary use, given the validly adopted Resolution of Necessity.  Additionally, the City's legitimate and secular purpose in avoiding future Establishment Clause litigation justifies the removal of the cross.  *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1257 (9th Cir. 2007).

Second, the City is not depriving Plaintiff's constitutional rights.  Despite Plaintiff's platitudes to the contrary, the City's actions do not prevent Plaintiff, its members, or the public from continuing to gather at Albany Hill Park to host and celebrate Easter morning services, to pray, to worship, and to participate in other religious activities.  Plaintiff is free to use Albany Hill Park for any lawful purpose. Put another way, the City is not preventing anyone from practicing religion, nor is it restricting anyone's ability to express free speech at Albany Hill Park or elsewhere.  The City is simply condemning out an easement and removing a cross on public property that it owns.

## 2.   <u>Plaintiff Has Not And Cannot Demonstrate Irreparable Harm</u>

Plaintiff bears a heavy burden to show that "irreparable injury is likely in the absence of an injunction."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 129 (2008).  To establish a likelihood of irreparable harm, conclusory or speculative allegations are not enough.  *Herb Reed*

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

*Enters., LLC v. Fla. Entertainment Management*, 736 F.3d 1239, 1250 (9th Cir. 2013). To satisfy the irreparable harm prong, a plaintiff must prove that the irreparable harm was caused by the complaint of conduct, and that the injunction will remedy that harm. *Sierra Club v. U.S. Department of Energy*, 825 F. Supp. 2d 142, 153 (D.D.C. 2011) ("A plaintiff may be irreparably harmed by all sorts of things, but the irreparable harm considered by the court must be caused by the conduct in dispute and remedied by the relief sought.").

Here, Plaintiff goes to great lengths to try and show that irreparable harm will be had regarding the removal of the cross. Plaintiff argues a parade of horribles regarding what may occur if the cross is removed. However, the State Court Action has already ruled that "if the City of Albany removes the Cross from the City Property, Albany shall preserve the cross in a safe location pending trial and final judgment in the action." (Ditfurth Decl., ¶ 8, Exhibit G, Prejudgment Possession Order.) Accordingly, the City has already been ordered to preserve the cross in a safe location. There is no irreparable harm to the Plaintiff.

Moreover, as set forth herein, Plaintiff is neither an owner nor occupant of the Subject Property, but rather a mere easement holder. An easement is a nonpossessory interest in real property, thus the easement owner does not have the right to actual possession. *Marvin M. Brandt Revocable Tr. v. U.S.*, 572 U.S. 93 (2014). Any "hardship" Plaintiff suggests is mere conjecture. Indeed, potential loss to a party not in possession of the property in question does not amount to a substantial hardship. *See Israni*, 88 Cal.App.4th at 640-643 (2001). Because Plaintiff does not actually own or possess the Subject Property, the "hardships" set forth by Plaintiff do not provide a basis to grant a preliminary injunction.

On the other side, if the cross is not removed, as the Court previously stated it should be and, as the State Court already ruled could be, the City will suffer hardship, as there will be an unnecessary and ongoing risk of litigation due to the possibility that the cross raises concerns under the Establishment Clause. (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 11, Exhibit C (*Lions Club*, *supra*, 323 F.Supp.3d at 1115–17.) Additionally, the City is presently managing the property as a public park. The City has an ongoing and overriding need to continue managing the open space,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

1   with all of its plant and animal life, for the public, without interference of the maintenance of the

2   cross.   (Ditfurth Decl., ¶ 2, Exhibit A, Bond Decl., ¶ 11.)   The City has an overriding need for

3   possession of the property to be able to appropriately manage this open space.   (*Id.*)

4   **IV.**   **CONCLUSION**

5         For the foregoing reasons, the City respectfully requests that the Court deny Plaintiff's

6   pending applications/motion.

7

8   Dated: March 3, 2023                                        BEST BEST & KRIEGER LLP

9

10                                                              By: _____

11                                                              SCOTT W. DITFURTH
                                                                ANDREW G. SAGHIAN
12                                                              Attorneys for Defendant
                                                                CITY OF ALBANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1

## **PROOF OF SERVICE**

2       I, Ana Horta, declare:

3       I am a citizen of the United States and employed in Riverside County, California.  I am

4   over the age of eighteen years and not a party to the within-entitled action.  My business address

5   is 3390 University Avenue, 5th Floor, P.O. Box 1028, Riverside, California  92502.  On March 3,

6   2023, I served a copy of the within document(s):

7               DEFENDANT CITY OF ALBANY'S OPPOSITION TO
                PLAINTIFF'S (1) APPLICATION TO TERMINATE COURT'S
8               STAY, (2) APPLICATION FOR TEMPORARY RESTRAINING
                ORDER, AND (3) MOTION FOR PRELIMINARY INJUNCTION
9

10  ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
         forth below on this date before 5:00 p.m.

11  ☐    by placing the document(s) listed above in a sealed envelope with postage thereon
12       fully prepaid, the United States mail at Riverside, California addressed as set forth
         below.

13  ☐    by placing the document(s) listed above in a sealed FedEx envelope and affixing a
         pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for
14       delivery.

15  ☐    by personally delivering the document(s) listed above to the person(s) at the
16       address(es) set forth below.

17  ☒    by transmitting via e-mail or electronic transmission the document(s) listed above
         to the person(s) at the e-mail address(es) set forth below.

18

19       Robert E. Nichols              Attorneys for Defendant
         Richard W. Covert             LIONS CLUB OF ALBANY,
20       713 Key Route Blvd.           CALIFORNIA
         Albany, CA 94706
21       Tel:  (510) 710-7033
         Email:  renichols01@comcast.net
22

23       I declare under penalty of perjury under the laws of the State of California that the above

24  is true and correct.

25       Executed on March 3, 2023, at Riverside, California.

26

27                                                   _____
                                                            Ana Horta
28

38159.03002\41061373.2

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

3:22-CV-05377-WHO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
TERMINATE STAY AND MOTION FOR
TRO/PRELIMINARY INJUNCTION